ANNIE CRUSE ET AL. v. J. W. O'GWIN ET AL.

Decided December 4, 1907.

**1.—Estates—Temporary Administrator—Powers.**

Under the probate law in force in December 1840, a temporary adminis-
trator had no power to sell land belonging to his intestate. A strict con-
struction is given to statutes prescribing the powers and duties of a temporary
administrator.

**2.—Same—Administrator's Deed—Order of Sale—Presumption—Evidence.**

Evidence concerning the execution of a deed by an administrator in Decem-
ber 1840, considered, and held insufficient to show an order by the court for
the sale of the land and insufficient to afford any basis for a presumption that
such an order had been made, and hence, the deed was void.

**3.—Same—Confirmation of Sale—Law of 1840.**

While the probate law in force in 1840 did not expressly provide for a
confirmation by the court of sales made by administrators, it was evidently
intended that the Probate Court should have the power to approve or disap-
prove such sales. A confirmation by the court is conclusive of the validity
of the sale.

**4.—Same—Confirmation—Evidence.**

It was not indispensable that a formal entry of confirmation of an adminis-
trator's sale in 1840 should be made in the record books of the Probate Court;
any writing among the papers of the case indicating directly or indirectly
an approval of the sale by the court, would be sufficient to sustain its validity.

Appeal from the District Court of Tyler County. Tried below be-
fore Hon. W. B. Powell.

*J. A. Mooney* and *W. W. Cruse,* for appellants.—Where the evi-
dence shows that there were other orders made by the court in pro-
bate, other than the ones offered, and all orders were offered in the
case that could be found, the court should have presumed (it having
been 66 years) that there was a proper order of the court to the ad-
ministrator to sell said land, and a sale reported by the administrator
for more money than that recited in the deed is an irregularity, and
would not make the sale void. Tucker v. Murphy, 66 Texas, 356;
Lynch v. Baxter, 4 Texas, 431; Blakey v. Perry, 15 Texas Civ. App.,
27; Giddings v. Steele, 28 Texas, 742; Alexander v. Maverick,
18 Texas, 179; Pas. Dig., art. 1313, note 487.

This suit being in the nature of a collateral attack, and not a direct
proceeding, appellees (plaintiffs) are bound by the recitals in said ad-
ministrator's deed, and are estopped. Howard v. North, 5 Texas,
297; Jones v. Taylor, 7 Texas, 240; Houston v. Killough, 80 Texas,
307; Mills v. Herndon, 77 Texas, 89.

Where a Probate court has jurisdiction of an estate, mere irregu-
larities or unsupplied omissions in its proceedings, in granting letters
of administration or orders of sale, do not invalidate the letters or
orders, and if an order fails to show want of jurisdiction it will be
presumed. Withers v. Patterson, 27 Texas, 491; Mills v. Herndon,
77 Texas, 89; White v. Jones, 67 Texas, 640; Lyne v. Sanford, 82
Texas, 64.

The Probate Court of San Augustine County, Texas, in December, 1840, being a court of general jurisdiction, was authorized to grant letters of administration upon estates of decedents, and that jurisdiction can not be attacked in a collateral proceeding. Rutherford v. Stamper, 60 Texas, 447; Mills v. Herndon, 77 Texas, 89; Corzine v. Williams, 85 Texas, 499; Cope v. Blount, 99 Texas, 431.

*Robt. G. Johnson* and *T. C. Mann,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to the southwest one-fourth of the Robert Lucas league of land in Tyler County, prosecuted by J. W. O'Gwin and ten others against Annie Cruse and six others, one of them, W. W. Cruse, being sued as the administrator of the estate of E. Cruse, and Annie Cruse being sued in her individual capacity, and also as the guardian of the minors, Ruth and John Knight Cruse. The cause was tried by the court without a jury, and judgment was rendered for the land in favor of appellees. The record contains the findings of fact of the court, as well as a transcript of the evidence prepared by the official stenographer.

The land in controversy was granted to Robert Lucas, as a colonist, in 1835, and appellees claim the land as his heirs, while appellants claim it through a deed made by John Lucas, administrator of the estate of Robert Lucas, to David M. Evans, in 1841. The deed was held to be null and void by the trial judge, and rejected, and the result of this appeal is dependent upon the propriety of that rejection. The findings of fact of the trial judge are adopted by this court.

The following summary of the evidence is a correct version of the testimony in the case as to the administrator's deed:

"On December 19, 1840, at a special term of the Probate Court of San Augustine County, John Lucas was appointed temporary administrator of the estate of Robert Lucas, deceased, no attempt being made in said order to define the powers and duties of such temporary administrator. On the same date said Probate Court ordered John Lucas, as temporary administrator, to sell an undivided one-half of the Robert Lucas league on a credit of —— months. . . . On December 28, 1840, said Probate Court ordered that letters of administration be granted to John Lucas upon the estate upon his giving bond and security. On March 15, 1841, John Lucas filed in the Probate Court of San Augustine County a report of sale of one-half league of land, located in Liberty County, to Daniel M. Evans, for $350, reciting the day of sale as the 2d and 3d days of March, 1841, but not stating otherwise the manner or place of sale. On August 30, 1841, John Lucas, as administrator of Robert Lucas, deceased, executed the deed to Daniel M. Evans before recited for a recited consideration of $250 paid by the said Evans to the said Lucas. On the same day the said Evans conveyed the land covered by said purported administrator's deed to John Lucas."

The trial court held that the deed was void because no order of sale was made except to the temporary administrator, who was not

qualified under the law to sell land; because the permanent administrator could not sell under authority of an order to the temporary administrator; because the sale was not made on credit, as required by law and the order of the court; because the consideration was for less than was reported to have been bid; because there was no confirmation of sale, and because the sale was made of definite tracts when the order directed the sale of an undivided interest. If there is sufficient evidence to indicate that there was no order of sale to the permanent administrator, or if the circumstances are of such a nature as to preclude a presumption of the existence of such, there is no necessity for any other reason for the invalidity of the deed to be given. We are of the opinion that if an order of sale can be presumed the deed should be sustained. The question of consideration recited in the deed is of no importance, and it has been held that the administrator may violate the terms of the law and the order of the court as to credit sales, but that such violation would not render the sale void. Sypert v. McCowen, 28 Texas, 639; Perry v. Blakey, 5 Texas Civ. App., 331. As to the ground that the sale was invalid by reason of the administrator selling definite tracts of land when directed to sell an undivided interest, it may be said that the question can not arise unless the order to the temporary administrator is consulted, and if, as we believe, that order could not support a sale of land, the sale must be sustained, if at all, upon the presumption that an order of sale to the permanent administrator was made, and if we presume an order it will be one, of course, that upholds the deed. Will the order to the temporary administrator sustain the sale, and, if not, will the circumstances surrounding the case raise the presumption that there was an order of sale directed to the permanent administrator issued by the probate court? Those are the questions to be considered and to which we shall devote our attention.

The order to sell given to the temporary administrator was made on the day of his appointment, at a time when neither he nor the court could probably have known the condition of the estate and the necessity for the sale of the real property belonging thereto. Temporary administration is permitted only because the exigency requires some one to take charge of and protect the estate in the interim that necessarily arises between the death and a permanent administration, and a strict construction is always given to statutes prescribing the powers and duties of a temporary administrator. The power to sell land has not been given to him by law. Dull v. Drake, 68 Texas, 205; Willis v. Pinkard, 21 Texas Civ. App., 423. If, however, the temporary administrator had the authority to make the sale, under the orders of the court, the sale could not have been made by him as temporary administrator, but was made by him at a time when he was the permanent administrator. It can not be reasonably contended, as before stated, that the order to sell, issued to the temporary administrator, authorized sale by the permanent administrator, and, therefore, the validity of the deed must be made to rest on the presumption that an order of sale was granted by the Probate Court to the permanent administrator.

The only circumstance tending to show that an order to sell was

issued to the permanent administrator is the recital in his deed that, "at the ——— term of said court," an order and decree to sell the land had been made. If that recital could be a circumstance tending to show the order, it is destroyed by the recital that John Lucas was appointed administrator of the estate of Robert Lucas on December 19, 1840, which was the date of the issuance of letters of temporary administration, and that recital, in connection with the statement that the order was made would lead inevitably to the conclusion that the order referred to was the one issued to the temporary administrator on December 19, 1840. If John Lucas made the sale under the appointment made on that date he must have acted under the order given him as temporary administrator, and must have referred to that order in the deed.

There is not a word in all the record of the Probate Court upon which to base a presumption that an order was issued to the permanent administrator. No confirmation of the sale was shown, and nothing in any of the proceedings indicates that the Probate Court approved the sale of the land. There was in proof an instrument as follows: "An account of the sale of Robert Lucas' property, deceased, by the administrator, John Lucas, on the 3d day of March, 1841. One league of land located in Liberty County; purchaser, Daniel M. Evans; price or amount for which is sold, $350." That paper is verified by the affidavit of John Lucas, who states that the property was sold on March 2, 1841. No action on that report was shown to have been taken by the court. The deed was executed on August 30, 1841, to Daniel M. Evans, and it sought to convey a "half league of land composing the northeast and southwest quarters of said Robert Lucas headright."

The statute in force at the time of the purported sale was silent on the subject of confirmation of sales of real property by the Probate Court, but the law of 1840 did require a return of sale by executors and administrators within a month after the sale, and it was held in the case of Harris v. Brower, 3 Texas Civ. App., 649, that it was evidently intended that the Probate Court should have the power to approve or disapprove the amount for which the property was sold and the security offered for the same. In that case, as well as others, it is decided that a confirmation of the sale would have been conclusive, and that rule is founded in reason because such confirmation would be a judicial determination of the necessity and propriety of the sale, and of the sufficiency of the price paid for the land, but in the absence of such confirmation the title would not pass from the estate unless proof should be adduced to show that the requirements of the statute had been met. And in the absence of a decree of confirmation or approval of the sale evinced by some action of the court, the deed could not be sustained by presumptions. Peters v. Caton, 6 Texas, 554; Alexander v. Maverick, 18 Texas, 179; Brown v. Christie, 27 Texas, 73; Tippett v. Mize, 30 Texas, 361.

There was nothing shown by the evidence which indicated the existence of other orders of the Probate Court than those produced, as claimed by appellants, and an order of sale can not be based upon a presumption founded thereon.

The court did not find, as claimed by appellants in the second assignment of error, that John Lucas made the sale as temporary administrator, nor that the sale was made under an order of sale to the temporary administrator, and there is no foundation for the assignment. The proposition under that assignment is to the effect that, in a collateral attack, the recitals in an administrator's deed are binding. That proposition is not germane to, nor based on, the assignment of error.

Even though there was no entry in the record books of the Probate Court tending to show that an order of sale was issued to the permanent administrator, or tending to show an approval of the sale made by him, still if there was anything written on any paper filed in the case in the Probate Court that directly or indirectly indicated approval of the sale by the Probate Court, we would sustain its validity under the authority of decisions of the Supreme Court. Neill v. Cody, 26 Texas, 285; Moody v. Butler, 63 Texas, 210. But in this case there was no confirmation—nothing from which a confirmation can be inferred, and nothing done by the purchaser giving him the right to have the sale confirmed. On the other hand, it was shown that on the same day that John Lucas made the deed to David M. Evans the latter conveyed the land back to Lucas, and it may be fairly inferred that the sale of the land was one by the administrator to himself. While a sale could not be set aside on that ground in a collateral proceeding, still it is a circumstance that may serve to indicate why there was no order of confirmation of the sale. The judgment will be affirmed.

*Affirmed.*

Writ of error refused.