### JOYCE v. BOOTH et al.
#### No. 13023.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 21, 1934.

Rehearing Denied Nov. 9, 1934.

John L. Johannes, of Dallas, for appellant.

W. M. Short and James E. Whitmore, both of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

This suit was instituted by Edward Joyce as the duly appointed and qualified adminis-

trator of the estate of Ella L. Pritchard, deceased, against the heirs of W. R. Booth, deceased, and Stella Bates Booth, the surviving wife of W. R. Booth and temporary administratrix of his estate, in trespass to try title to recover lot 11 on block 58 of the North Fort Worth addition to the city of Fort Worth, Tex. Plaintiff alleged a fee-simple title to the property and his petition was in the usual form of trespass to try title.

After the institution of the suit, the defendant Stella Bates Booth, as temporary administratrix of the estate of W. R. Booth, deceased, joined by other defendants in the suit, filed a plea in abatement, alleging that there was then pending in the county court her application for the probate of the will of W. R. Booth, deceased, in which will she was named as independent executrix without bond and free of control of the probate court; and also another application by the Fort Worth National Bank for the probate of another purported will of the deceased in which that bank was named as independent executor without bond; and that after those proceedings were instituted in the probate court she was appointed temporary administratrix of the estate of the deceased. Coupled with those allegations was a prayer that the suit be abated for misjoinder of her as temporary administratrix and for lack of jurisdiction of the court to determine the issue of title under the provisions of article 1982, Rev. Civ. Statutes, which reads: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

After that plea in abatement was filed, the plaintiff filed in the county court of Tarrant county an application for an order granting express authority to Stella Bates Booth as temporary administratrix of the estate of W. R. Booth to defend plaintiff's suit then pending in the district court of Tarrant county. That application was granted by the county court by an order reading as follows:

"Came the parties by their attorneys of record and announced ready for trial, and the court, after hearing the evidence is of the opinion that the defense of said suit by Stella Bates Booth as temporary administratrix, is proper, since a will contest involving the estate of W. R. Booth is now pending and may continue for a long time, and since the administration of the estate of Ella L. Pritchard, deceased, has been pending since Sep-

tember 2, 1924, and should be closed as quickly as possible.

"It is therefore ordered, adjudged and decreed that Stella Bates Booth, as temporary administratrix of the estate of W. R. Booth, be granted express authority, and by these presents is granted express authority to defend cause No. 3229-A, styled Edward Joyce, administrator, v. Bates Booth et al., now pending in the District Court of Tarrant County, Texas, for the 48th Judicial District of Texas, and, since the defense is proper, Stella Bates Booth, as temporary administratrix is hereby directed to defend said suit."

The order further recites that Stella Bates Booth, as temporary administratrix, excepted and gave notice of appeal; but it does not appear that any appeal was prosecuted.

The plea in abatement presented the contention that the temporary administratrix was not a proper party defendant to plaintiff's suit to try title, and that pending the probate proceedings in the county court an executor or legally appointed administrator was a necessary party to the suit, within the provisions of article 1982 of the statute quoted above. The order of the trial court sustaining the plea in abatement, and from which order plaintiff has appealed, recites findings upon evidence heard that at the time of his death W. R. Booth was the record owner of an undivided interest in the property involved in the suit; that two applications were then pending in the county court for the probate of two purported wills of W. R. Booth, deceased, in one of which Stella Bates Booth was named as independent executrix without bond, and in the other the Fort Worth National Bank was named as independent executor without bond, both of which applications had been duly contested but neither of which contests had been determined; that pending the determination of those contests Stella Bates Booth had been appointed temporary administratrix of the estate of the deceased, as authorized by article 3378, Rev. Civ. Statutes, and had duly qualified as such and is still acting in that capacity; and that the county court had entered an order authorizing and directing her to defend this suit in trespass to try title. But the court further held, in effect, that a temporary administrator is not such an administrator as mentioned in article 1982 making "an executor or administrator" a necessary party to the suit involving title to real estate. In other words, that the "administrator" re-

ferred to in that article did not include a temporary administrator.

Article 3378, Rev. Civ. Statutes, reads: "Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a temporary administrator, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers."

Article 3379, Rev. Civ. Statutes, reads: "Temporary administrators shall have and exercise only such rights and powers, as are specifically expressed in the order of the court appointing them, and any acts performed by them as such administrators that are not so expressly authorized shall be void."

The record also shows that prior to the order referred to above authorizing the temporary administratrix to defend plaintiff's suit for title, that court had already made an order granting plaintiff permission to prosecute this suit to remove cloud from title against "any persons not the lawful heirs of Ella L. Pritchard, deceased, of whose estate plaintiff was administrator."

Callahan v. C. M. & Nancy Houston, 78 Tex. 494, 14 S. W. 1027, 1028, was a suit in trespass to try title brought by C. M. Houston and wife, Nancy Houston. After the institution of the suit, Mrs. Houston died and C. M. Houston was appointed temporary administrator of her estate, and in the order of appointment he was empowered to prosecute the suit. The following is quoted from the opinion in that case:

"It is insisted that a temporary administrator, notwithstanding the court appointing him may have authorized him to prosecute an action such as this, has no power to do so.

"The statute does not provide what powers a temporary administrator may exercise, but leaves this to the determination of the court or judge appointing.

"The appointment is required to 'define the powers conferred,' and we see no reason to doubt that power to prosecute such an action as this, or to perform any other act that a regular administrator might perform, may be conferred on a temporary administrator,

when, in the opinion of the court or judge making the appointment, the exercise of such a power, temporarily, is necessary for the preservation or welfare of the estate."

In 13 Tex. Jur. p. 779, it is announced that ordinarily in the absence of greater power conferred upon a temporary administrator by order of the probate court, his power is limited to the right to take possession of and preserve the estate until a permanent administrator is appointed. And following that announcement is the following: "In cases where greater authority is shown he has the same rights and duties with regard to the acts which he is authorized to perform as has a permanent administrator."

To the same effect are the following authorities: 24 C. J. 1179; Barfield v. Hartley, 108 Ga. 435, 33 S. E. 1010; McNamara v. Michigan Trust Co., 148 Mich. 346, 111 N. W. 1066. It is our conclusion that the order of the district court sustaining the plea in abatement was reversible error.

However, appellees have presented here a certified copy of an order of the probate court entered since this appeal was perfected, showing that the application of Stella Bates Booth to probate the purported will of W. R. Booth has been granted; that that will has been admitted to probate, and Stella Bates Booth has been appointed its executrix and has duly qualified as such. Appellees insist that since there is now a duly qualified executor who will be a proper party to defend plaintiff's suit under the provisions of article 1982, the question of whether or not the suit was properly abated as against her as temporary administratrix has become moot and a decision on that point is now unnecessary. We do not concur in that contention. If the suit was properly brought against the temporary administratrix, as we have decided, then jurisdiction attached against the lawful representative of the estate as well as against the heirs, and the court having acquired such jurisdiction, it could not be defeated by the subsequent appointment of the executor who takes the estate as he finds it. 11 Tex. Jur. pp. 766-772.

For the reasons stated, the judgment of the trial court sustaining the plea in abatement is reversed, and the cause is remanded for further proceedings not inconsistent with these conclusions.