### COBBEL v. CRAWFORD et al.

### No. 3747.

Court of Civil Appeals of Texas. El Paso.
Sept. 22, 1938.

Rehearing Denied Oct. 13, 1938.

John A. Ballowe and Chas. Tex Kurlan, both of Dallas, for plaintiff in error.

Wright K. Smith and Currie Mc-Cutcheon, both of Dallas, for defendants in error.

**NEALON, Chief Justice.**

This is an appeal by writ of error from a judgment of the Dallas County Court at Law No. One, in which judgment was rendered in favor of Ella B. Crawford against Floyd W. Snow, temporary administrator of the estate of Eliza McGee, deceased, and Mayer Cobbel, one of the sureties upon the bond of Snow as temporary administrator. Plaintiff in error Cobbel was denied recovery over against Emma F. Mack, individually and as independent executrix of the will of the estate of said decedent. Plaintiff below, Ella B. Crawford, alleged that she was the holder of a first-class claim against said Snow as temporary administrator as aforesaid, and had secured judgment against him in that capacity; that she caused said judgment to be certified as required by statute in order to make it effective; that Snow paid other claims of inferior standing without paying her claim; that he filed his final account showing said payments and the same was approved by the County Court and he was discharged as administrator. Plaintiff did not allege that the temporary administrator had been ordered to pay plaintiff's claim.

Plaintiff in error filed and urged a general demurrer to the amended petition upon which plaintiff went to trial. The demurrer was overruled, and this action of the court is assigned as error.

### Opinion

It will be noted from the statement made that plaintiff did not allege that Snow as temporary administrator had been ordered to pay the claim of plaintiff, but it does appear that he filed a final account showing the payment of the other claims of inferior rank; that said account was approved and the temporary administrator was discharged. No appeal was taken from this action of the County Court.

We think the demurrer should be sustained for two reasons:

 Undoubtedly the petition was fatally defective in failing to allege that the temporary administrator had been authorized or ordered to pay plaintiff's claim. Ordinarily this is the duty of the permanent administrator or the executor, as the case may be. The authority of the temporary administrator is measured by the order of appointment. His powers are limited and his acts not expressly authorized by the grant of power are void. Simpkins, Administration of Estates, Sect. 84. The statutes affecting the powers of a temporary administrator are construed strictly, and he is confined to the powers clearly indicated. Cruse v. O'Gwin, 48 Tex.Civ.App. 48, 106 S.W. 757; Willis & Bro. v. Pinkard, Tex.Civ.App., 52 S.W. 626.

 However, there is another fatal objection to the petition. Upon its face it shows that payment of the claims described by plaintiff and found by the court to be of inferior rank to plaintiff's was reported in the final account filed by the temporary administrator; that said account was approved by the Probate Court on August 27, 1935, "and the said administrator was discharged as such." The instant action is a collateral attack upon the judgment of the County Court approving the payment of said claims and discharging the administrator. It was held in Ball v. Ball's Estate, Tex.Civ.App., 45 S.W. 605, that errors and irregularities

rendered in the temporary administration cannot be corrected in the permanent administration; that a judgment approving the account of a temporary administrator and discharging him is a final judgment which can only be assailed in a direct proceeding for that purpose. We concur in the views expressed in the last cited case. As no parties except Cobbel have sought a review of the judgment rendered below, it will not be disturbed as to other parties than Cobbel; but as the second objection noted can not be cured by amendment, as to plaintiff in error Cobbel, the judgment of the trial court is reversed and the cause dismissed.

Reversed and dismissed.