## THOMPSON v. SOUTHWESTERN DRUG CORPORATION.

### No. 5022.

Court of Civil Appeals of Texas. Amarillo.

May 1, 1939.

Rehearing Denied June 12, 1939.

Finley & Wolfe, of Sherman, for appellant.

Fred J. Dudley and Yale B. Griffis, both of Dallas, for appellee.

FOLLEY, Justice.

On November 7, 1933, the appellee, Southwestern Drug Corporation, recovered judgment in the sum of $1,064.43 in the County Court. at Law No. 1 of Dallas County, Texas, against Mrs. Ruth Thompson and others, jointly and severally. Thereafter on September 12, 1936, Mrs. Thompson died intestate. On September 16, 1936, the appellant Floyed Thompson, surviving husband of the deceased, was appointed Temporary Administrator of her estate by the County Court of Grayson County, Texas. On July 29, 1937, the appellee presented to the appellant for his approval or rejection its duly verified claim based upon the above judgment and requested that the appellant approve and present such claim to the County Court of Grayson County in order that the clerk of such court might enter the same on the claim docket as a claim against the estate. The appellant failed either to approve or reject the claim and did not file the same with the county clerk.

On September 16, 1937, under the authority of articles 3517 and 3522, R.C.S. of 1925, the appellee filed this suit in the District Court of Grayson County, Texas. By an amended petition filed on December 3, 1937, in which the appellant in his capacity as Temporary Administrator of the Estate of Ruth Thompson, deceased, was the party defendant, the appellee alleged substantially the facts above enumerated, set forth the powers granted the appellant under his appointment as temporary administrator, and prayed that its claim be adjudged a valid claim against the estate of Mrs. Ruth Thompson. The appellant answered by a general demurrer and general denial and specially answered that the powers contained in the order appointing him temporary administrator did not grant him authority to defend the suit filed by the appellee and that the court was without jurisdiction to hear and determine the merits of the suit. The court overruled the demurrer of the appellant and after a hearing without a jury entered judgment adjudging the claim of the appellee to be a valid and subsisting claim against the estate and ordered that such judgment be certified to the County Court of Grayson County for said claim to be paid in due course of administration. From such judgment the appellant has brought this appeal.

The appellant assigns as error the action of the court in overruling his general demurrer to the appellee's petition on the theory that such petition failed to show that the temporary administrator had authority to defend this suit. The appellant also asserts that the court erred in rendering judgment establishing the claim because the order appointing the temporary administrator failed to authorize the appellant to approve or reject the claim or to defend this suit.

Since the appellee alleged substantially the material portions of the order appointing the temporary administrator, a determination of the latter assignment will dispose of the former. It will therefore be necessary to quote such portions of the order of the county court appointing the temporary administrator and defining his powers as are material to the issue before us. Such excerpts with reference to his authority are as follows:

"To collect and take charge of all money belonging to Ruth Thompson, now deceased, * * *

"To pay any debts owed by said Ruth Thompson at the time of her death.

"To take charge of and keep subject to the orders of this court all other personal property owned by Ruth Thompson or in which said Ruth Thompson had an interest at the time of her death.

"To contract with, employ and pay counsel to bring such lawsuit or lawsuits, defend such lawsuit or lawsuits or to intervene in such lawsuit or lawsuits as may be necessary to recover any real and/or personal property belonging to said estate of Ruth Thompson, deceased, * * *."

Article 3379, R.C.S. of 1925, provides that "Temporary administrators shall have and exercise only such rights and powers, as are specifically expressed in the order of the court appointing them, and any acts performed by them as such administrators that are not so expressly authorized shall be void." Under this article and the authorities construing it we must examine the above order appointing the appellant and from its language determine whether or not the appellant had the authority to approve or reject the claim and defend this action in the district court. We think the authorities uniformly have given the above statute a strict construction by confining the authority of the temporary administrator to the powers clearly indicated in the order appointing him. Cruse et al. v. O'Gwin et al., 48 Tex.Civ. App. 48, 106 S.W. 757, writ denied; Dull et al. v. Drake et al., 68 Tex. 205, 4 S.W. 364. But we think such strict construction would not necessarily require the probate court to set out in detail in such order each and every act of the administrator which is merely ancillary to the general powers thus conferred. In the order of the probate court the appellant was generally authorized to pay any debts owed by Ruth Thompson at the time of her death. The debt herein involved was such a debt. The probate court therefore authorized its payment. It is true the order did not specify the manner in which it was to be paid nor did it expressly provide that the appellant should approve and file the claim, yet, there was no other legal procedure he could pursue in discharging the general obligation to pay the debt. The approval of the claim was merely an incident involved in the discharge of his general duty to pay the claim. We think the appellant's contention that he was not authorized to approve and file the claim is no more logical

or reasonable than would have been a contention on his part that because the order did not specifically provide that he could give a check upon the bank account of the estate that he therefore could not do so, thus refusing to pay the debt and thereby defeating by the strict construction rule the general authority conferred upon him to pay the debt. Such an intepretation of the statute we think was not intended either by the Legislature or by the courts. It is therefore our opinion that the appellant had full authority under the order to approve and file the claim in question. His failure to perform his duty in this respect necessitated the bringing of this lawsuit which he further seeks to defeat on the theory that he is unauthorized to defend it.

■■ It is also our opinion that the order as a whole was sufficient to authorize the appellant to defend this lawsuit. Under the terms of the order it not only became necessary for the appellant to pay the debts of the deceased, but it became his duty to collect and take charge of all money belonging to the estate. He was further directed to take charge of and keep subject to the orders of the probate court all other personal property belonging to the deceased. The general rule is that a temporary administrator is charged with the duty of exercising reasonable care to preserve the assets of the estate. Roberts et ux. v. Stewart, 80 Tex. 379, 15 S.W. 1108; Barfield v. Miller, Tex.Civ.App., 70 S.W.2d 632. Moreover, it will be noted from the language of the order with reference to lawsuits that the appellant was not only authorized to employ counsel to bring lawsuits but was directed to employ and pay counsel to "defend such lawsuit or lawsuits or to intervene in such lawsuit or lawsuits as may be necessary to recover any real and/or personal property belonging to said estate of Ruth Thompson, deceased, * * *". He certainly could not defend a lawsuit or intervene in one which he had himself brought and this language must necessarily refer to lawsuits brought by another to recover property belonging to the estate. The suit herein was one which involved the assets of the estate and one which would ultimately result in a recovery therefrom in the event the claim was established, or one which would ultimately result in a recovery therefor in the event the claim was not established. We think it was such a suit as the appellant was authorized and obligated to

defend just as he did do in the trial court and as he has very ably done in this court. It therefore follows that it is our opinion that the court had jurisdiction of the subject matter of this suit and was authorized to render judgment establishing the claim and ordering the same to be paid in the due course of the administration of the estate.

The judgment is affirmed.