J. B. CHRISTIAN, Administrator of the Estate of Thula Mae Wells, Dec'd, Appellant,

v.

Pat PACE, Appellee.

No. 6623.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 12, 1963.

**400**

Baker, Branch & Campbell, Houston, for appellant.

R. A. Richardson, Kountze, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the County Judge transferring a proceeding from the Probate Docket to the Civil Docket of the County Court, and re-decreeing and re-enacting a motion for summary judgment entered in such proceedings on the Probate Docket, and denying a motion to set aside the summary judgment.

The situation leading up to this action of the Probate Court is somewhat confusing. J. B. Christian qualified as Administrator of the Estate of Thula Mae Wells, Deceased. Pat Pace filed a petition in the Probate Proceedings setting forth the allegation that he had furnished the funeral for the Decedent and was the owner of a claim in this amount of $770.00. A portion of this petition is as follows:

"CLAIM OF PACE WELLS FUNERAL HOME, Kountze, Texas, against Estate of Thula Mae Wells, Deceased,

"Funeral of Thula Mae Wells, Deceased, (to balance unpaid)
----------$770.00

"/s/ Pace Wells Funeral Home
"By ___Pat Pace___
"Owner

"THE STATE OF TEXAS ⎫
COUNTY OF HARDIN  ⎭

"BEFORE ME, the undersigned authority, this day personally appeared Pat Pace, who being by me duly sworn, says that the attached claim hereto in favor of Pace Wells Funeral Home against the estate of Thula Mae Wells, deceased, is just and that all legal offsets, payments and credits known to affiant have been allowed; that he is the owner of said claim and desires to have same allowed and approved as a matured secured claim to be paid in the due course of administration.

"/s/ ___Pat Pace___
"Affiant

"Subscribed and sworn to under my official hand and seal this the 3rd day of March, A.D., 1960.

"/s/ ___Dwayne V. Overstreet___
"Notary Public, Hardin County, Texas"

This petition further alleged that the claim for funeral expenses had been presented to the Administrator and more than 30 days had elapsed but the Administrator had not allowed the claim and contained the following prayer:

"WHEREFORE, your Petitioner prays the Court that the said Administrator be cited to appear and answer this petition, and to show cause, if any he has why an order requiring him to allow said claim, and why an order requiring him to pay said claim should not be made, and that upon the final hearing hereof the Court make his order requiring the said Administrator to allow said claim or in the alternative that the Court order such claim paid and allow same, and that on final hearing that said claim be paid in due course of administration, and Petitioner prays for judgment for full amount of said claim and for legal interest, for cost of suit and for such other relief as he may show himself entitled to receive."

An answer to such claim was filed by the Administrator, denying that such claim for funeral expense had been presented to the Administrator, and such answer contained the following:

"II.

"That had said claim been presented, the Administrator, J. B. Christian, having full knowledge of the services rendered regarding said claim, would have allowed the claim and avoided any necessity for litigation. That the Administrator fully acknowledges the debt as set out in said claim and is willing to pay same as soon as funds are available from the Estate after allowing reasonable time for the liquidation of real property in order to satisfy certain debts in addition to the alleged claim. That the Administrator is presently in the process of attempting to locate a purchaser for the real estate of said Estate and requires some time and some orders from this Court in order to properly dispose of, liquidate, and settle the entire Estate.

"WHEREFORE, PREMISES CONSIDERED, your Administrator prays the Court that said claim be allowed, that no order be necessary requiring him to show cause why said claim should not be allowed, and that he be allowed to pay said claim in the due course of administration without the necessity of a judgment being rendered against the said Administrator for the amount of said claim, including interest and costs of suit for the aforementioned reasons, and for such other and further relief as the Administrator may show himself justly entitled."

Pat Pace then filed a Motion for Summary Judgment in such Probate Proceeding with the following prayer:

"WHEREFORE, PREMISES CONSIDERED, Petitioner, Pat Pace prays for Summary Judgment allowing his claim as set out in his petition, and ordering same paid in due course of Administration."

No answer was made to this Motion for Summary Judgment, and September 30, 1960, the court entered an order which contained the following:

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED BY THE COURT that the Motion for Summary Judgment of the Petitioner Pat Pace is hereby granted, and the claim of said Petitioner as owner of the Pace Wells Funeral Home in the sum of $770.00 is hereby allowed and approved and classified as claim no. 1, and as such is ordered paid by such Administrator in due course of administration."

April 21, 1961 the Administrator filed a motion in the Probate Proceedings to set aside the Summary Judgment entered on the ground that it was void for want of jurisdiction and barred by limitation.

October 8, 1962 the County Judge entered an order transferring all of this proceeding set out above to the Civil Docket of the County Court, which order contained the following:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED and this Court does here and now enter its order, judgment and decree nunc pro tunc, that all of the proceedings enumerated in this order and copied herein had in the Matter of the Estate of Thula Mae Wells, deceased, under number 2660 of the Probate docket of this Court were in conformity to law and within the time prescribed by law and that the record thereof as herein made shall become and is hereby ordered to be the record in this cause, to-wit, in Cause No. 1359–A styled 'PAT PACE VS. J. B. CHRISTIAN, ADMINISTRATOR OF THE ESTATE OF THULA MAE WELLS, DECEASED; IN THE COUNTY COURT OF HARDIN COUNTY, TEXAS', on the Civil docket thereof, and that all said orders, judgments and decrees, including the Summary Judgment entered in said Probate cause on September 30, 1960, are hereby reinacted, readjudged, ordered and decreed and are ordered entered in the Minutes of this Court nunc pro tunc as having taken place on the dates enumerated, and the Motion of the Defendant, J. B. Christian, Administrator, to set aside said summary judgment is hereby in all things overruled and said summary judgment is hereby reaffirmed by this Court."

An appeal from this order was brought directly to this Court of Civil Appeals.

■ The Administrator contends that the judgment of September 30, 1960 granting the motion for summary judgment was void for want of jurisdiction. That the Probate Court had no jurisdiction to hear a claim which had been rejected by an Administrator and is limited to passing only on claims which had been approved. This latter statement is a correct pronouncement of the law. Poole v. Rutherford, Tex.Civ. App., 199 S.W.2d 665. But, it is not applicable to the situation in this case. We conclude, as the County Judge apparently concluded, that there had been no rejection of this claim for funeral expenses. The legal effect of the instrument filed by the Administrator designated as "Answer to Claim of Petitioner, Pat Pace" was to approve the claim. Sec. 308 of the Probate Code, V.A.T.S. permits a claim to be filed with the Clerk of the Probate Court. Sec. 309 of the Probate Code provides that the representative may endorse on the claim or annex a memorandum to it signed by him, stating the time of presentation or filing of the claim, and that he allows or rejects it, or what portion of it he allows or rejects. The answer of the Administrator complies with these requirements. It shows the date the claim was filed to be June 30, 1960, and its clear and unequivocal meaning is to allow the claim. Sec. 302 of the Probate Code provides that any defect of form shall be deemed waived by the representative unless written objection has been made within 30 days after presentment of the claim. No such objection was filed in this case. The action of the County Judge in granting the summary judgment, in legal effect, constitutes an approval by the Court of a claim which had been approved by the legal representative. No appeal was taken by the Administrator from such order, as provided by Sec. 312(e) to the District Court. This Court cannot entertain an appeal made directly to this court in a Probate matter. Everything done in this matter since the approval of the claim is mere surplusage.

■ There is no provision in the law authorizing the action of the County Judge to transfer this matter from the Probate Docket to the Civil Docket. Such action was a nullity, and it is ordered expunged from the records.

The order of the Court attempting to re-enact and readjudge the summary judgment on the Civil Docket, and also over-

ruling the motion to set aside the summary judgment on the Civil Docket is reversed, and ordered expunged. The effect of this opinion is to leave this matter on the Probate Docket with the original summary judgment entered on the Probate Docket in full force and effect.

Judgment reformed in accordance with this opinion.