Mary Babicki **PODGOURSKY**, Individually and as Independent Executrix of the Estate of Ivan N. Podgoursky, Deceased, Appellant,

v.

Adele **FROST** et vir, Appellees.

No. 14397.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 1, 1965.

Rehearing Denied Oct. 6, 1965.

Friloux, Eddington & Smith, Houston, for appellant.

Trueheart, McMillan & Russell, San Antonio, for appellees.

BARROW, Justice.

Mary Babicki Podgoursky, individually and as independent executrix of the estate of Ivan N. Podgoursky, appeals from a partial summary judgment entered in the 150th Judicial District Court in a controversy over collection of a note executed by deceased to appellee Adele Frost. All issues which were not determined by this judgment were severed by the trial court.

This judgment was preceded by a very complex procedural background set forth in a 298-page transcript, involving five suits filed in the Bexar County District Courts. We will set forth only the background necessary to dispose of the assignments of error asserted by appellant and appellees.

Ivan N. Podgoursky died on April 21, 1962, and his will of March 8, 1962, was filed for probate by appellant, his surviving widow, who was appointed independent executrix under this will and was the principal beneficiary. This will was contested by a prior wife of deceased. Pending the final determination of this will contest, Frank J. Baskin, Esq., was appointed tem-

porary administrator of this estate on May 15, 1962.

On September 26, 1962, appellees, Adele Frost and husband, Jack Frost, filed suit No. 147,724, against Baskin in his capacity as temporary administrator, seeking judgment against this estate on a promissory note signed by deceased, in the principal sum of $47,800, together with foreclosure of an oral mortgage on nine paintings. A general denial was filed for Baskin by his attorney, Pat Camp, Esq., who had been employed by order of the probate court on August 15, 1962. On November 13, 1962, judgment was entered in this suit, establishing appellees' claim and lien and directing certification of same to the Probate Court as a matured secured claim. No appeal was taken and the judgment was entered on the Probate Court Claim Docket on November 13, 1962.

On October 12, 1962, judgment was entered in the will contest admitting the will to probate and appointing appellant as independent executrix. Contestant excepted and gave notice of appeal, but did not perfect same. On November 14, 1962, appellant executed her oath as executrix. On August 8, 1963, appellees filed suit No. 155,759 against appellant, individually and as independent executrix, seeking foreclosure on the nine paintings in accordance with the judgment in No. 147,724, and also seeking to set aside conveyances of other paintings to appellant allegedly in fraud of creditors. (This latter claim was severed by the partial summary judgment involved herein). On January 30, 1964, a partial summary judgment was entered authorizing foreclosure sale of the nine paintings and by agreement of the parties same were sold through the Chicago Art Gallery.

On May 28, 1964, appellant filed suits Nos. 161,961 and 161,962, against appellees as well as Baskin and the surety on his bond. (The claims against Baskin and his surety were severed and will not be further discussed.) In No. 161,961 appellant sought to set aside the judgment in No. 147,724, as being void on its face and a nullity, as the temporary administrator was allegedly without authority to defend this suit. In No. 161,962 appellant sought recovery of paintings and monies in the possession of appellees which allegedly belonged to the estate. These two suits were consolidated with No. 155,759.

By amended pleadings, appellant sought to set aside the judgment in No. 147,724 as void, because of appellees' failure to file the claim in the manner required by the Probate Code V.A.T.S. She also asserted by way of bill of review that the judgment was secured through fraud because of false statements of appellees in support of their claim. All parties filed motions for summary judgment. On November 13, 1964, a partial summary judgment was entered upholding appellees' judgment of November 13, 1962, in No. 147,724, authorizing foreclosure sale, and dismissing with prejudice appellant's collateral attack and bill of review against this judgment. Appellant has appealed from this judgment.

Appellant asserts the following assignments of error: the trial court did not have jurisdiction over the estate on November 13, 1962, when the judgment in No. 147,724 was entered; appellees' claim was not legally filed under provisions of the Probate Code; appellant alleged a valid cause of action by way of a statutory bill of review; the temporary administrator did not have authority to engage in litigation, and the district court was without jurisdiction to order the foreclosure sale and therefore the judicial sale was wrongful. Appellant recognizes that other than the cause of action alleged in her bill of review, she is making a collateral attack upon a final judgment, and she must show that the judgment in No. 147,724 is *void* as distinguished from *voidable*. See Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325.

It is seen that the judgment in Cause No. 147,724 is based upon service had upon Baskin in his capacity as temporary administrator, an answer filed in his behalf

in this capacity, and a non-jury trial had at a time when he appeared on behalf of the estate. Sec. 132(a) of the Texas Probate Code authorizes the appointment of a temporary administrator pending a will contest with such limited powers as the circumstances of the case require. Sec. 132(b) specifically authorizes the probate court to confer upon the temporary administrator all the power and authority of a permanent administrator with respect to claims against the estate. This latter section was added with the adoption of the Probate Code in 1955 and removes all uncertainty about the power of a court to authorize a temporary administrator to act upon claims pending determination of a will contest.

Sec. 133 provides that any acts performed by the temporary administrator that are not expressly authorized shall be void. It has been held that the temporary administrator shall have and exercise only such powers and duties as are conferred upon him by the probate court and any acts performed by him that are not so expressly authorized shall be void. Ex parte Lindley, 163 Tex. 301, 354 S.W.2d 364; Tolivar v. Lombardo, Tex.Civ.App., 88 S.W.2d 733, no wr. hist. Therefore, we must look to the orders of the probate court to determine if Baskin had the power to defend this suit on behalf of the estate.

The order of appointment expressly authorized Baskin to receive claims against the estate and to approve or disapprove said claims, but not to pay them. Later the court authorized employment of Pat Camp, Esq., to defend another specific suit, as well as any other matters before the court, and the attorney was given full power and authority to perform all acts necessary in the protection of the temporary administrator and the estate.

■ It is our opinion that Baskin was authorized under these orders to file an answer after he was served with citation and to protect the estate in this suit filed by appellees. The power to disapprove a claim would necessarily include the power to defend a suit brought under the Probate Code to establish the claim following disapproval by the temporary administrator. In Ravkind v. Bergman, Tex.Civ.App., 342 S.W.2d 61, wr. ref., n. r. e., it was said: "It has been held that it is a necessary inference from the power granted a temporary administratrix to collect claims due the estate that she is authorized to file suit when such action is required to enforce the collection and this without further or more specific orders of the court." In Barfield v. Miller, Tex.Civ.App., 70 S.W.2d 632, wr. dism., it was held that a temporary administratrix was authorized to file an answer under her power to preserve the estate after being served with citation. See also, Thompson v. Southwestern Drug Corp., Tex.Civ.App., 129 S.W.2d 350, no wr. hist.

Appellant further urges that, assuming the temporary administrator was authorized to defend this suit, all his power and authority terminated on October 12, 1962, when the contest was determined and the will appointing her independent executrix was admitted to probate. Appellant says that it is immaterial that she did not actually qualify as independent executrix until November 14, 1962. She, therefore, asserts that the estate was not properly represented before the court when the judgment in No. 147,724 was rendered on November 13, 1962.

■ In Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, the Supreme Court held that an independent executor named in a will is qualified to act independently of the probate court from the time the will appointing him is admitted to probate and that taking the oath as an independent executor is not a necessary prerequisite to the possession and exercise of the duties and responsibilities of his office. See also Melton v. Hahnel, Tex.Civ.App., 347 S.W. 2d 350, wr. ref., n. r. e. This rule contemplates the termination of litigation in that the power of the temporary administrator would necessarily continue until final termination of the will contest. Knipp v.

Kutchinsky, 138 Tex. 550, 160 S.W.2d 518. Here the will contest was finally terminated prior to entry of the final judgment.

Rule 153, Texas Rules of Civil Procedure, provides that where an administrator who is party to a suit dies or ceases to be such administrator, the suit may be continued against the person succeeding him in the administration, or by or against the heirs, or the suit may be discontinued. Rule 152, T.R.C.P., provides for issuance of scire facias upon suggestion of death. It is urged by appellant that upon the will being admitted to probate appellees should have the clerk issue scire facias for appellant and serve same on her. We agree this is the proper procedure to follow where an administrator dies or ceases to be such.

The question before us under this collateral attack is whether the failure to do so rendered the judgment *void* for lack of jurisdiction over the estate of Ivan N. Podgoursky. It is seen that the suit was properly brought against Baskin as temporary administrator, and by service of citation upon him at that time the court acquired jurisdiction over the estate. It is our opinion that the admission of the will to probate and appointment of appellant as independent executrix did not deprive the court of the jurisdiction which it then had over the estate.

■ Under a similar factual situation presented in Joyce v. Booth, Tex.Civ.App., 76 S.W.2d 227, no wr. hist., it was held that if the suit was properly brought against the temporary administratrix, jurisdiction attached at that time and it could not be defeated by the subsequent appointment of the executor who takes the estate as he finds it. In Garcia v. Jones, Tex.Civ.App., 155 S.W.2d 671, wr. ref., want of merit, this Court held that a judgment rendered against a defendant subsequent to his death was not void where he was served prior to his death. Under the rule established in these cases, the district court having acquired jurisdiction of the estate by proper service upon the temporary administrator, did not lose same by the subsequent appointment of appellant as independent executrix.

Appellant also asserts that the judgment in Cause No. 147,724 is void because the record thereof does not show on its face that appellees' claim was properly filed, presented and rejected as required by Sections 301, 308–310, 313 and 314, of the Texas Probate Code. She points out that the record does not show when the claim was filed with the temporary administrator or in what form, that is, whether the original or a copy of same was filed, and that there is no showing when the claim was rejected by Baskin. In the motion for summary judgment filed herein there are affidavits of the temporary administrator, appellant, appellees, and the attorney for appellees, relative to these matters. It is our opinion that these facts, some of which are disputed, are immaterial in this collateral attack upon the judgment.

Section 310 of the Probate Code provides that where a representative of an estate fails to allow or reject a claim within thirty days after its presentment, his failure shall constitute a rejection of the claim. Under Sec. 313, suit must be filed within 90 days after such rejection. Appellees alleged in their petition that their claim had been duly presented to the temporary administrator in accordance with the requirements of the Texas Probate Code and that he had failed to act on said claim for over 30 days, therefore, said claim was disallowed under the Probate Code. Appellees further alleged that 90 days had not elapsed since the same was disallowed by operation by law.

■ It is seen that appellees alleged all the jurisdiction requirements of the Probate Code. Russell v. Dobbs, 163 Tex. 282, 354 S.W.2d 373; Thrasher v. Novy, Tex. Civ.App., 138 S.W.2d 124, no wr. hist. In the absence of special exceptions, these general allegations were sufficient to give the court jurisdiction to hear this suit.

■ The judgment establishing appellees' claim and first lien mortgage includes a recitation that it was entered after the trial court heard the pleadings and the evidence. It will be presumed on this collateral attack that the trial court found the necessary jurisdictional facts in accordance with appellees' allegations and the judgment of the court. Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329; Crawford v. McDonald, supra. Appellant's point complaining of the manner of filing the claim is overruled.

■ Appellant complains of the dismissal with prejudice of her bill of review. Her allegations are insufficient to support an equitable bill of review. In Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, the Supreme Court held the following requirements are necessary to set aside a final judgment by an equitable bill of review: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own.

■ Appellant's allegations do not show that she was prevented from making her defense to the appellees' suit by their fraud or wrongful act. No meritorious defense is asserted other than offsets allegedly due against the note. Her allegations that appellees' testimony that there was no valid offset was false and was perjured would constitute "intrinsic fraud" and would not entitle her to an equitable bill of review. Alexander v. Hagedorn, supra. Further, there is no explanation, reason or excuse alleged for appellant's delay in not seeking to set aside the judgment for seventeen months following the rendition of same. Moore v. Mathis, Tex. Civ.App., 369 S.W.2d 450, wr. ref., n. r. e.; Garcia v. Jones, Tex.Civ.App., 155 S.W.2d 671, wr. ref., want of merit.

■ Appellant urges, however, that the requirements of an equitable bill of review were not necessary as she brought same as a statutory bill of review as authorized by Sec. 31 of the Texas Probate Code. See Schoenhals v. Schoenhals, Tex.Civ. App., 366 S.W.2d 594, wr. ref., n. r. e. It is seen, however, that this remedy is expressly limited to review of probate proceedings. The judgment in Cause No. 147,-724 was rendered in a suit based on a claim which had been rejected by the temporary administrator. This was not a probate proceeding in that the probate court has no jurisdiction to pass on such a rejected claim. Christian v. Pace, Tex.Civ. App., 371 S.W.2d 399, no wr. hist.; Poole v. Rutherford, Tex.Civ.App., 199 S.W.2d 665, wr. ref., n. r. e. Appellant did not assert a statutory bill of review and since her petition does not assert grounds for an equitable bill of review, the trial court did not err in dismissing same.

■ Appellant urges that the partial summary judgment is erroneous in overruling her plea in abatement to the jurisdiction of the court to hear appellees' suit seeking foreclosure of their lien and that the sale under this foreclosure was erroneous and entitled her to recover damages. She asserts that the probate court has exclusive jurisdiction over estates under administration. This contention overlooks the fact that at the time the suit was filed, the estate was being administered by appellant as independent executrix. In Rowland v. Moore, 141 Tex. 469, 174 S.W. 2d 248, the Supreme Court held that so long as an estate remains in the hands and under the control of the independent executor the probate court has no jurisdiction to approve a claim against the estate. "The district court or county court, and not the probate court, has jurisdiction of all claims against the estate, as in any other cause of action not regulated by a special statute." See also, State v. Traylor, 374 S.W.2d 203 (Tex.1963); Basham v. Smith, 149 Tex. 279, 233 S.W.2d 297. The district court had jurisdiction of the suit filed herein.

Appellees present cross-points complaining of the trial court's refusal to set aside the conveyance of three paintings by deceased to appellant as being in fraud of creditors. This claim was severed by the trial court. It is our opinion that appellees' right to same cannot be established as a matter of law from the record before us. We therefore overrule appellees' cross-points without prejudice to the hearing on the merits of this severed claim.

The judgment of the trial court is affirmed.