Christopher MOSSLER, Appellant,

v.

TEXAS COMMERCE BANK, NATIONAL ASSOC., et al, Appellees.

No. B14–82–020–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 1982.

John H. Holloway, Houston, for appellant.

Willis Witt, Liddell, Sapp, Zivley, Brown & LaBoon, Houston, for appellees.

Before MURPHY, ROBERTSON and MORSE, JJ.

SAM ROBERTSON, Justice.

This appeal challenges a judgment of the probate court confirming the public sale of an estate's cause of action against third parties. In 1979, appellant brought suit, as an individual and as representative of his mother's estate, against Herbert Lackshin, Marvin Nathan, A.R. Schwartz and their firms, Lackshin and Nathan and Lackshin, Nathan, and Schwartz, seeking $6,000,000 in actual damages and $10,000,000 in punitive damages resulting from various acts and omissions of the defendants in their representation of his mother during her lifetime. Texas Commerce Bank, National Association, the temporary administrator of Candice Mossler's estate, was joined as an involuntary plaintiff.

Texas Commerce Bank subsequently applied to the probate court for instructions asserting that it had investigated the matter, discussed it with representatives of all of the estate's beneficiaries, and concluded the expense of litigation would be "very substantial." Further, the bank stated that, with the exception of appellant, all other beneficiaries preferred that the bank not actively engage in the litigation and that proposals had been made to sell the cause of action and two offers had been received; $10.00 was offered by appellant and $12.50 was offered by another beneficiary. The probate court concluded "the expense to the Estate of attempting to pursue the . . . matter further is not justified," and the disposal of the cause of action would be "in the best interests of the Estate. . . ." The court, if not with the approval of all counsel certainly with their acquiescence, ordered the public sale of the cause of action in question without recourse against the temporary administrator and without warranty. Public notice was given and two bids were received. Lackshin and

Nathan and Herb Lackshin bid $16,950.07. Christopher Mossler bid "$25.00 in *excess* of the highest cash bid" received and specified "[n]othing in this cash bid shall be construed . . . to any way release the administrator for liability in selling such property right."

In a decree confirming the sale, the probate judge found Mossler's bid was "not a valid or proper bid, . . . [was] not in conformity with law, . . . [and did] not comply with the Court's Order . . . directing the manner in which bids were to be submitted. . . ." The decree then orders the cause of action to be conveyed to Herbert Lackshin and Lackshin and Nathan as the successful bidder.

Appellant brings five points of error to this court for review. He contends the trial court erred in ordering and confirming the public sale (1) because it was based on unsupported grounds that the expense was not justified, that the litigation was a disadvantage to the estate, and that its disposal was in the best interests of the estate; (2) because there was no evidence to support a finding of "necessity to sell" or to establish the sale would be in the estate's best interest; (3) because the probate code requires ordinary diligence in the collection of claims and debts of the estate and allows employment of an attorney on a contingency fee. Appellant further states (4) the bid procedure was fraudulent and a violation of the fiduciary duty of the bank, and (5) the court exceeded its jurisdiction in ordering the sale without evidence to establish value of the asset and without evidence to negate that the suit could be handled on a contingency fee.

Appellee, relying upon Tex.R.Civ.P. 418, challenges our consideration of this appeal, arguing first, that all of appellant's points are waived by his failure to provide argument and authority, and second, that appellant's points of error are too general, too vague and multifarious. We agree. The relevant part of Tex.R.Civ.P. 418 states:

A brief of the argument shall present separately or grouped the points relied

upon for reversal. The argument shall include (i) a fair, condensed statement of the facts pertinent to such points, with references to the pages in the record where the same may be found; and (ii) such discussion of the facts and authorities relied upon as may be requisite to maintain the point at issue. Tex.R.Civ.P. 418(c).

Appellant has grouped all five points of error together for both a statement of the pertinent facts and for argument. The statement comprises five pages of the fourteen page brief and summarizes the events leading to the court's final decree with references to the record. The argument runs some three pages in all and is composed of a list of five questions, two citations to the Texas Probate Code, two references to secondary source material, one of which has been superseded, and one citation to a case. Only two of these might be considered relevant to the points of error presented.

First, appellant cites 18 Tex.Jur.2d *Decedent's Estates* § 768 (1960) on a conflict in interests between a purchaser and an estate. His assertion that such a conflict is apparent on the face of the record is unsupported by reference to the record. More important, however, we find no point of error which asserts this conflict of interest. Second, appellant cites *Cruse v. O'Gwin*, 48 Tex.Civ.App. 48, 106 S.W. 757 (1907, writ ref'd) as authority for the proposition that "there is no evidence that a necessity exists for the sale of such asset." On the contrary, *Cruse* dealt with the question whether an order to sell issued to a temporary administrator authorized a sale by the permanent administrator. We find no reference in that case to evidence of a necessity for the sale.

It has long been the law of this state that points not properly briefed are waived. *Arrechea v. Arrechea*, 609 S.W.2d 852 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Hale v. Ramsey*, 524 S.W.2d 436, 438 (Tex.Civ.App.—Austin 1975, no writ); *City of Corpus Christi v. Krause*, 584 S.W.2d 325, 330 (Tex.Civ.App.—Corpus Christi 1979, no writ). An appellant has the duty to present a reviewing court with a clear statement of his points of error, the facts he relies on, and the arguments and authorities in support of his contentions. This appellant has not done and his points are, thus, waived.

The judgment of the trial court is affirmed.