## BARFIELD v. MILLER.

### No. 4184.

Court of Civil Appeals of Texas. Amarillo.
March 26, 1934.

Rehearing Denied April 23, 1934.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellant.

F. A. Cooper and Cooper & Lumpkin, all of Amarillo, for appellee.

HALL, Chief Justice.

In November, 1929, W. T. Anderson sold C. B. Henson three quarters of section No. 17 in Deaf Smith county. As a consideration therefor, Henson executed three series of vendor's lien notes, each of the three notes in said series being for the principal sum of $725. Each note contains an acceleration clause. Thereafter, in September, 1930, Henson sold and conveyed the three quarters of said section to Mrs. M. D. Oliver Eakle, who, as a part of the consideration for the conveyance, assumed and agreed to pay all of the notes Henson had made to Anderson, and in addition thereto she executed to Henson her note in the sum of $1,150, which also retained a lien upon the land to secure its payment. Subsequently Henson conveyed the $1,150 note to Wm. Frost. In November, 1931, Mrs. Oliver Eakle died, leaving as her only child and sole heir Oliver Rea Eakle Barfield. November 24, 1931, B. I. Barfield, the husband of Mrs. Oliver Rea Eakle Barfield, Wm. C. Perry, Homer A. Calloway, and R. C. Ware filed an instrument in the probate court of Potter county, purporting to be the last will and testament of Mrs. Oliver Eakle. This instrument was duly probated on December 7, 1931, and letters testamentary were issued to Perry, Calloway, Ware, and B. I. Barfield as independent executors and trustees. They immediately qualified by taking the oath required by law. February 24, 1932, thereafter Mrs. Barfield, as the sole heir of Mrs. Oliver Eakle, filed her petition in the probate court of Potter county, praying that the will of her mother, which had been previously probated, be annulled and afterwards the probate court entered an order appointing Mrs. Barfield temporary administratrix of the estate of her mother, Mrs. Oliver Eakle, deceased. The order defining Mrs. Barfield's powers as temporary administratrix authorizes her to take

possession of all the property and assets of her mother's estate and "carefully preserve and hold the same subject to the further orders of this Court." She is also empowered as temporary administratrix to immediately investigate the state of all claims due the estate and proceed diligently to collect the same. On February 20, 1933, the probate court of Potter county rendered a judgment decreeing that the purported will of Mrs. M. D. Oliver Eakle, deceased, which had theretofore been admitted to probate on December 7, 1931, was invalid and that the judgment admitting said will to probate be set aside, together with the order of the court appointing Perry, Ware, Calloway, and B. I. Barfield as independent executors. The decree further recites that Mrs. M. D. Oliver Eakle died intestate and that the defendant, Oliver Rea Eakle Barfield, be appointed administratrix of said estate upon executing a bond in the sum of $25,000 and taking the oath of office. The record shows that afterwards, on April 1, 1933, Mrs. Barfield filed her bond and otherwise complied with the order of the court.

October 13, 1932, appellee Miller filed suit against Henson, B. I. Barfield, individually, and as executor under the will of Mrs. Oliver Eakle, and against R. C. Ware, H. A. Calloway, and W. C. Perry, as executors, Wm. Frost and W. A. Paul, and against Mrs. Oliver Rea Eakle Barfield, individually, and as temporary administratrix of the estate of her mother. The purpose of the suit was to recover the amount due upon the three quarters of said section of land hereinbefore mentioned, including the note of $1,150 which Mrs. Oliver Eakle had executed to Henson.

The plaintiff alleged the death of Mrs. Oliver Eakle on November 16, 1931, that she left as her only child and heir Mrs. Barfield, who acquired and inherited all of the property of the deceased not otherwise disposed of by will. He alleged the appointment of Perry, Calloway, Ware, and Barfield as executors of the will, that Mrs. Barfield had filed her petition to annul the will and her appointment as temporary administratrix pending the contest. That the contest was still pending and plaintiff could not specifically allege whether the independent executors or the temporary administratrix had possession and control of the property, nor who was authorized to act as the legal representative of the estate. Plaintiff prayed for citation for all of the defendants and a judgment against Henson and the estate of Mrs. M. D. Oliver Eakle, deceased, for his debt, interest, and attorney's fees, with a foreclosure of the vendor's lien

and an order of sale. He prayed in the alternative for judgment against Henson and the estate of Mrs. Oliver Eakle, deceased, that his vendor's lien be established and foreclosed and that the judgment be certified to the probate court of Potter county for observance and execution.

On January 4, 1933, judgment was entered reciting that Henson appeared in person, that Frost had disclaimed and the other defendants had defaulted. It decrees that Miller recover against Henson and the estate of Mrs. M. D. Oliver Eakle judgment for the full amount of the 3 series of notes with costs and a foreclosure of the vendor's lien. It further ordered that the judgment be certified to the probate court of Potter county for observance in keeping with article 2222 of the Revised Statutes and that upon proper application and notice the premises described be sold to satisfy the judgment, the excess, if any, to be paid to the estate of Mrs. M. D. Oliver Eakle, deceased. The judgment disposes of all the issues and all the parties, and is numbered as cause 9933 upon the docket of the district court of Potter county.

After this judgment was rendered, appellee, Miller, on January 27, 1933, filed an application in the county court of Potter county in the estate of Mrs. M. D. Oliver Eakle, deceased, seeking to have the three tracts of land mentioned and described in the judgment sold through the probate court of Potter county in the course of administration of the estate of Mrs. Oliver Eakle, attaching to the application a certified copy of said judgment rendered in cause No. 9933. Citation was issued and served, notifying all persons interested in the estate of Mrs. Oliver Eakle to appear and show cause, if any, why such sale should not be made.

On February 20, 1933, Mrs. Barfield, joined by her husband, filed her answer, protesting the granting of the application to sell the land upon the grounds (1) that the court had no jurisdiction to grant an order of sale because of the contest seeking to annul the will and that only a temporary administratrix was handling the estate, who had no power to sell it; (2) that the order appointing the temporary administratrix did not authorize her to pass upon the validity of claims and that Miller's claim has never been passed upon by any administratrix of the estate; (3) that the judgment of the district court was void for the want of jurisdiction because the claim upon which it is based was never presented to an administrator and has never been approved

and that the court was without jurisdiction to entertain the proceeding.

On February 28, 1933, the court granted Miller's application and overruled Mrs. Barfield's protest and decreed that at the time of the filing of the application and hearing the estate was without a representative charged by law with authority to sell the land and therefore decreed that an order of sale issue directed to the sheriff with directions to sell the land. From this order Mrs. Barfield appealed to the district court of Potter county where she filed an amended protest. On June 26, 1933, judgment was entered in the 108th district court, which recited the rendition of the judgment of January 4, 1933, in cause No. 9933, in favor of Miller and against Henson and the estate of Mrs. M. D. Oliver Eakle, deceased, together with the foreclosure of the vendor's liens, further reciting that the judgment had been certified to the probate court of Potter county for observance, that the probate court upon application and proper notice had directed that the property be sold by the sheriff of Deaf Smith county; that since said order was made Mrs. Barfield had been appointed and qualified as permanent administratrix of her mother's estate. It is further adjudged that the application to sell said real estate for the payment of appellee's claim should be in all things granted; that the protest and exceptions urged by Mrs. Barfield, both in the county court and in the district court be overruled; that Mrs. Barfield, as administratrix, proceed to sell the lands in satisfaction of the judgment and that the clerk of the probate court of Potter county issue an order of sale as required by law commanding her to sell the land and make due return thereof; that said judgment be certified to the county court of Potter county for observance. From this order Mrs. Barfield has prosecuted this appeal.

■ The first contention to be considered is that the decree in the district court in cause No. 9933 is void because the judgment is against "the estate of Mrs. M. D. Oliver-Eakle, deceased." The appellant insists that the estate of a deceased person is not a legal entity and that the term has no legal significance, which renders the judgment a nullity.

The effect of the Supreme Court's decision in Faulkner v. Reed, 241 S. W. 1002, is that a judgment may be rendered against the estate of a deceased person provided there is a legal representative before the court.

As shown in the statement of the case above, Mrs. Barfield was sued as an individual and in her capacity as temporary administratrix. The judgment recites "that the defendant, Oliver Rea Eakle Barfield, individually as well as temporary administrator of the estate of Mrs. M. D. Oliver-Eakle, deceased, * * * although duly cited in the manner and form and for the time required by law, came not, but wholly made default." The record fails to show what process was served upon her and we must presume that she was cited both as an individual and as temporary administratrix.

It is said in 14 Tex. Jur. 308, § 524: "Although he is sued in both his representative and individual capacities, he need not be served with more than one citation." Kopperl et al. v. Sterling (Tex. Civ. App.) 241 S. W. 553; Owsley v. Paris Exch. Bank, 1 Posey, Unrep. Cas. 93. Counsel admitted during the argument that Mrs. Barfield was duly cited.

■ Having been served with process, it became her duty to answer in the cause. While numerous cases hold, and it must be conceded, that a temporary administratrix has no authority to file a suit without being expressly empowered by the probate court to do so, that rule does not excuse her failure to appear in cause No. 9933. As shown in the preliminary statement above, she was authorized by the order appointing her as temporary administratrix to take charge of the property and assets of the estate and carefully preserve and hold the same subject to the further orders of the probate court. She was also empowered as temporary administratrix to immediately investigate the state of all claims due the estate and proceed diligently to collect the same. It is difficult to see how she could preserve the estate, as against Miller's action, without filing an answer after she had been duly served with process, and contest the issue of the estate's liability and we think that a necessary inference from the power granted her to collect claims due the estate would be to file suit when such action was required to enforce the collection and this without further or more specific orders of the court. The general rule is that a temporary administrator, having qualified, is charged with the duty of reasonable care to preserve the estate. Roberts v. Stuart, 80 Tex. 379, 15 S. W. 1108.

In the case of Barfield v. Hartley, 108 Ga. 435, 33 S. E. 1010, 1011, the Supreme Court of Georgia said:

"This court, in Reese v. Burts, 39 Ga. 565, distinctly ruled that it was the right of a temporary administrator to file an affidavit

of illegality to an execution proceeding to sell his intestate's lands. * * * It is the duty of a temporary administrator to collect and take care of the effects of his intestate, and his letters remain of force until a permanent administrator is duly appointed. * ' * * In the case above cited, McCay, J., remarked: 'We see no reason why the temporary administrator is not, in this state, bound to protect the real, as well as the personal, estate of the deceased from illegal interference.' It is difficult to imagine how he could better protect the real estate of his intestate from such interference than by filing and endeavoring to maintain an affidavit of illegality setting up a lawful reason for stopping the progress of an execution."

Masterson v. Brown, 51 Iowa, 442, 1 N. W. 791; McNamara v. Michigan Trust Co., 148 Mich. 346, 111 N. W. 1066; Cadman v. Richards, 13 Neb. 383, 14 N. W. 159.

■ The principal object of the temporary appointment is to preserve the estate until it can pass into the hands of a person fully authorized to administer it for the benefit of creditors and heirs. Dull v. Drake, 68 Tex. 205, 4 S. W. 364.

In re Chapman's Estate (Tex. Civ. App.) 213 S. W. 989, 991, in which the court said:

"The rights and powers conferred upon the temporary administrator by the order appointing him does not appear, and it may be assumed, in the absence of anything showing the necessity for greater authority, that he was simply clothed with the usual power ordinarily given temporary administrators; that is, to take possession of and preserve the estate until a permanent administrator is appointed."

The record shows that the legal title to the land upon which Miller was foreclosing his vendor's liens was in Mrs. Oliver Eakle at the time of her death, and in our opinion a failure to answer in the case as temporary administrator was to that extent a failure to take the necessary steps to preserve the estate.

■ But aside from all this, Mrs. Barfield, as the only child and heir of her mother, immediately upon the death of the latter inherited the entire estate, subject, of course, to the claims of creditors. Being the sole heir, she was the legal representative of the estate, Allen v. Stovall, 94 Tex. 618, 63 S. W. 863, 64 S. W. 777, and having been duly cited, she was within the meaning of the language used in Faulkner v. Reed, supra, a legal representative of the estate before the court. The judgment was not, therefore, void as having been rendered against a party which was not a legal entity.

■ The next contention to be considered is that the judgment was void because the district court had no jurisdiction of Miller's cause of action.

We think this contention is without merit. Henson was a party to the suit and liable upon the notes. The other parties, as appears from the record, were either contingently liable or were in possession of the property covered by the liens, and, so far as the record shows, had rights which required that they be made parties defendant in order that the equities of all parties might be settled in one action.

As said by Judge Cureton in Gregory et al. v. Ward, 118 Tex. 526, 18 S.W.(2d) 1049, 1051:

"The nature of this case, as disclosed by the statement we have made, showing that the suit involved controversies and issues over which, and between parties over whom, the probate court did not have jurisdiction, is such that the powers of the probate court were inadequate to grant the defendant in error the full relief to which he was entitled. It is well settled that in such a case as this one the district court has jurisdiction and may grant relief. Cannon v. McDaniel, 46 Tex. 303; George v. Ryon, 94 Tex. 317, 60 S. W. 427; Lauraine v. Ashe, 109 Tex. 69, 75, 191 S. W. 563, 196 S. W. 501; Lauraine v. Masterson (Tex. Civ. App.) 193 S. W. 708."

Judge Cureton further said:

"However, we think the judgment of the district court should be performed through the probate court, and, if a sale of the property is necessary, it must be made through that court. (Citing numerous authorities.) The authorities appear to be so plain that we deem any discussion unnecessary."

Outlining the method in which the district court judgment should be collected, Judge Cureton further said:

"The judgment of the district court, as here reformed, should be certified to the probate court for observance and execution in accordance with law."

See, also, Brooks v. O'Connor, 120 Tex. 126, 39 S.W.(2d) 14; Nevill et al. v. Hinkle et al. (Tex. Civ. App.) 276 S. W. 324; Griggs v. Brewster (Tex. Sup.) 62 S.W.(2d) 980; Willis v. Graf (Tex. Civ. App.) 257 S. W. 664; 11 Tex. Jur. 784 § 56; 13 Tex. Jur. 608 § 25.

■ The judgment in cause No. 9933 directs that it shall be certified to the probate court of Potter county for observance in keeping with article 2222 of the Revised Statutes. This was a proper order for the district court to make. It further provides that upon proper application and notice the premises be sold to satisfy the judgment and then makes provision for payment of costs and of the excess, if any, received for the land to be paid to Mrs. Oliver Eakle's estate. It further contains the usual provision that in the event the amount realized from the sale of the land is insufficient to satisfy the judgment, that the balance due shall be collected from the estate in due course of administration, etc.

■ Because the district court judgment No. 9933 is not void, the appellant cannot attack it collaterally in the probate court. Moore v. Moore, 59 Tex. 54; Williams v. Robinson, 63 Tex. 581; Eastland v. Williams, 92 Tex. 116, 46 S. W. 32, 33; Reeves v. Fuqua (Tex. Civ. App.) 184 S. W. 682; Brantley v. Boone (Tex. Civ. App.) 34 S.W.(2d) 409. Having been duly cited, the judgment is conclusive as to appellant and the estate.

■■ After the judgment had been certified to the probate court as provided by R. S. art. 2222, the appellee had the right to proceed under R. S. art. 3564 and the statutes relating to the sale of real estate in such cases, to apply to the probate court for an order for the sale of the property or so much thereof as may be required to satisfy his claim, or, as Judge Curcton said in Gregory v. Ward, supra, the judgment of the district court should be performed through the probate court and, if a sale of the property is necessary, it must be made through that court. Because Mrs. Barfield had not qualified as permanent administratrix and there was no legal representative of the estate at the time the probate court ordered the property sold, that proceeding is void and we sustain appellant's proposition attacking it. The judgment of the district court will be affirmed in so far as it upholds the validity of the judgment in cause No. 9933 and conforms to the requirements of R. S. art. 2222, and is reversed and reformed so as to require the appellee to proceed in accordance with the provisions of the statutes in the collection of his judgment through the probate court in due course of administration.

Affirmed in part and reformed and reversed in part with instructions.