Dave RAVKIND, Appellant,

v.

Douglas E. BERGMAN, Temporary Administrator, Appellee.

No. 16178.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 16, 1960.

Rehearing Denied Jan. 20, 1961.

Marvin G. Shwiff, Dallas, for appellant.

Oster & Kaufman, John Hicks, Jr., and Stanley M. Kaufman, Dallas, for appellee.

MASSEY, Chief Justice.

Appeal is from a judgment for plaintiff in a suit to establish the defendant's liability for indebtedness to plaintiff's decedent and to secure personal judgment therefor in behalf of decedent's estate.

Judgment reversed and cause remanded.

We overrule defendant's contention that plaintiff, who had been appointed Temporary Administrator of decedent's estate, had no lawful authority to prosecute the cause of action declared upon. The contention is predicated upon the principle of law which limits the powers of a temporary administrator to those conferred by the court appointing him, and which render void the attempted exercise of powers not expressly authorized by the appointing court. Defendant claims that the order of plaintiff's appointment, though apparently giving him authority to "* * * collect all claims of the Estate and file suit, if necessary, to insure collection of said claims *under further orders of the court* * * *", (emphasis supplied), was refuted by the language to which we have supplied emphasis, and that since no further order was entered by the court in connection with the claim sued upon, plaintiff was never authorized to bring the suit,—and even if authorized to sue was not authorized to prosecute the suit so filed in the absence of a further order of the Probate Court.

It has been held that it is a necessary inference from the power granted a temporary administratrix to collect claims due the estate that she is authorized to file suit when such action is required to enforce the collection and this without further or more specific orders of the court. Barfield v. Miller, Tex.Civ.App.Amarillo 1934, 70 S.W.2d 632, writ dismissed. Under general principles, we believe that to hold in accord with the contention of the defend-

ant would be to say that the Probate Court, in entering the order from which the quoted language is taken, took pointless action which was ineffective to accomplish the very purpose for which plaintiff was appointed. To hold such would do violence to principles of law. Except where the conclusion is inescapable, we could never hold that the acts performed by a court pursuant to its duties of administering justice were useless and ineffective. Construction, where there is room for construction, should be to the contrary. We therefore hold that the plaintiff was qualified and authorized by the court's order to bring and prosecute the action.

We must agree with defendant, however, that reversible error occurred in connection with the trial court's admission of certain evidence. The circumstances of the case are such that we might have been enabled to hold that the error was harmless through a test thereof under Texas Rules of Civil Procedure, rule 434 had the trial court permitted plaintiff to show all the facts and circumstances relative to the decedent's financial condition at the time of the transaction giving rise to the claim of indebtedness. Propriety of the exclusion of such evidence is not before us for determination and we have not tested its admissibility. However, in view of the fact that such evidence was excluded, we cannot do other than hold that the jury would probably have returned a verdict other than that which it did return had the trial court excluded the evidence of which defendant complains.

The evidence in question consisted in memoranda placed by the plaintiff's decedent on the back of a certain letter which had been written to him by the defendant on February 1, 1959. The material part of such memoranda was the following words, "Loan $3,000.00". Under said words were the following additional memoranda, also in the handwriting of the deceased, "Pd Feb. 1st $100.00, Pd March 1st $100.00, Pd April 1st $100.00, Pd May 1st $100.00". The fact that defendant had

made the several $100 payments to the deceased was proven by canceled checks drawn by the defendant and made payable to the deceased, and also proven by testimony of the defendant. That in making said payments the defendant actually was following a procedure whereby he intended to pay to the deceased a total amount of $3,000 was admitted, said sum being the amount the deceased had delivered to defendant in January of 1959. Actually the defendant had paid the deceased $100 on or about June 1, 1959, and another $100 on or about July 1, 1959, no memoranda having been made on the same letter relative to such payments. Plaintiff's decedent died on date of July 28, 1959. Defendant did not make or attempt to make any further payment.

At the time the deceased delivered the $3,000 to the defendant the latter was in financial need in that he was closing the purchase of a business. Obviously the deceased knew that placing said amount in the hands of the defendant would be very convenient to the latter under the circumstances. Defendant asserted that the deceased contended that the $3,000 was a gift and not a loan, and that pursuant to an argument defendant had with the deceased (over whether it be considered a loan which would be repaid) the defendant lost and finally agreed that it would be a gift. Further, however, defendant testified that he told the deceased that he would feel better about the matter if he could deliver money to the deceased from time to time. To this the deceased assented, although insisting that it was not necessary and that it would constitute action that the defendant was not obliged to take, as he had given the $3,000 because defendant was his nephew and he wanted to do something for him and had never done anything for him up to the time of such gift.

The deceased was a retired shoe salesman. During the period of his employment he had accumulated money in a "pension fund". The $3,000 was drawn out of this

fund and delivered to the defendant. Any inhibition of the testimony under the "dead man's statute" was waived upon the trial below.

The objection to the introduction of the memoranda, "Loan $3,000.00", was that it constituted hearsay as applied to the defendant and was inadmissible as self-serving. A part of the objection pointed out further that such could not fall within the exception to the general rule requiring the exclusion of this character of testimony as a record kept in the normal course of a business. On appeal, the plaintiff concedes that the words of the memoranda do constitute hearsay evidence and that he, as the party offering the same, is burdened with the obligation to bring the evidence within some exception to the rule. He properly abandons any attempt to qualify it as part of the *res gestae* but insists that he has demonstrated the exception to the rule in that such evidence comes within the provisions of V.A.T.S. art. 3737e, "Memorandum or record of act, event or condition; absence of memorandum or record as evidence".

■ When we determine from the evidence that as of January to July, 1959, plaintiff's decedent had no "business", i. e., regular organized activity whether conducted for profit or not; that there was no evidence as to the time the memorandum in question was made (other than between February 1, 1959, and the date of death on July 28, 1959) ; and that even with the assumption made that lending money was a "business" of the deceased there was no evidence that in the regular course thereof it was customary for him or any other to make such a memorandum, we believe that we must hold that the plaintiff failed to demonstrate an exception to the general rule. Edwards v. Montgomery Ward & Co., Tex.Civ.App.Beaumont 1954, 270 S.W. 2d 432, writ refused, n. r. e.; Ollok v. United Heat Treating Company, Tex.Civ. App.Fort Worth 1958, 318 S.W.2d 785.

Reversed and remanded.