**Henry E. KRIEGEL, Appellant,**

**v.**

**James SCOTT, Temporary Administrator of the Estate of Helen Liddelfe Jones, Deceased, Appellee.**

**No. 215.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 26, 1969.

Rehearing Denied April 9, 1969.

John A. Croom, Houston, E. R. Berry, Berry & Smither, Huntsville, for appellant.

J. G. Davis, Davis & Davis, Huntsville, for appellee.

SAM D. JOHNSON, Justice.

This is a trespass to try title case brought in statutory form. Appellee brought this

action in the capacity of Temporary Administrator of the Estate of Helen Liddelle Jones, deceased. The suit was against the appellant, Henry E. Kriegel, as defendant in the trial court.

The case was tried to the court without the intervention of a jury. Judgment was awarded to the appellee for title to and possession of the two tracts or parcels of land in controversy, subject to a lien against each respective tract decreed as being vested in appellant.

Appellant's first two points of error allege the lack of authority on the part of appellee to institute and maintain this action. It is appellant's contention that as the appellee was not granted specific authority or power by the probate court to institute the present action, the judgment here is void and the action of the trial court should be dismissed. We believe there are at least two reasons why appellant's contention in this regard must be overruled.

■ First, there is an inferred power given by the probate court in the instant case that is sufficient to authorize the bringing of this action. At the time appellee was appointed temporary administrator he was given, along with other powers, the authority "To determine, collect, hold, protect and preserve all assets and properties of the Estate * * * (and) * * * To have and exercise all of the power and authority of a permanent administrator with respect to claims against the Estate." "It has been held that it is a *necessary inference* from the power granted a temporary administratrix to collect claims due the estate that she is authorized to file suit when such action is required to enforce the collection and this without further or more specific orders of the court. (Emphasis added.) Barfield v. Miller, Tex.Civ.App. Amarillo 1934, 70 S.W.2d 632, writ dismissed." Ravkind v. Bergman, Tex.Civ.App., 342 S.W. 2d 61, n. r. e.

■ Second, the only contest of appellee's authority to maintain this action appears in appellant's *un*verified first amended original answer. Rule 93, Texas Rules of Civil Procedure, requires verification by affidavit of a pleading that sets up "(b) That the plaintiff has not legal capacity to sue * * * (c) That the plaintiff is not entitled to recover in the capacity in which he sues * * * (e) That there is a defect of parties, plaintiff or defendant." In the absence of the required verified pleading, appellant has not properly challenged the capacity or authority of the appellee. Hunter v. Cook, Tex.Civ.App., 375 S.W.2d 574 (writ dismd.); Morris v. Ratliff, Tex.Civ.App., 291 S.W.2d 418, n. r. e.; Boothe v. Blanchette, Tex.Civ.App., 208 S.W.2d 105, no writ hist.; Pierce v. Baker, Tex.Civ.App., 143 S.W.2d 681, writ ref. In addition, it does not appear that appellant's dilatory plea was timely presented in that it was first urged after the appellee had rested. Even at that juncture no evidence thereon was tendered by the appellant nor heard by the court. See McDonald, Texas Civil Practice, Vol. 3, p. 873, Pretrial Procedures, Sec. 10.13–B, Disposition of Dilatory Pleas. Appellant's first two points of error are overruled.

Appellant's third point alleges error of the trial court in admitting parol evidence to vary the terms of two written options given to Miss Helen Liddelle Jones. Appellant contends these were valid, unambiguous documents that were conclusive according to their own terms and cannot be varied by parol evidence. The record reveals that on two different occasions, Helen Liddelle Jones executed general warranty deeds to the appellant. In each instance Miss Jones was apparently given a written, limited option to repurchase the property covered by such deed. Each option was in the form of an unrecorded letter written by the appellant.

Following her death these option agreements could not be found among the effects of Miss Jones, however. The orig-

inal instruments were never produced. Significantly, copies of these instruments later proved to be wholly unavailable to the appellee from the appellant. Appellee made repeated requests to the appellant to obtain the content of the options but to no avail. By virtue of appellant's failure to respond to such requests, and the failure of appellant's attorney to respond as well, the appellee was unable to determine the amount, time, interest or any of the particulars involved in the options. It appears that the contents of the option agreements were not obtained by the appellee until this case was actually in trial and that the period covered by the options expired subsequent to Miss Jones' death and prior to the trial.

Miss Jones first met the appellant as a customer in the bank where he was employed as a loan officer. The appellant was experienced in the business of making loans, had apparently made other loans to Miss Jones, and had made at least one loan to a relative of Miss Jones. There was a substantial difference in the amount advanced and the actual value of the properties indicated by the testimony. The total amount advanced by the appellant on the two tracts was $7,500. Though substantially higher actual values could be obtained from the testimony, their *lowest* value was given as $21,900. When the defendant received the deeds in question he did not record them. The deeds were to be "held" by the appellant until he had been repaid in excess of the monies advanced, the amount varying according to the time within which payment was effectuated. The appellant testified that he would not have filed the deeds if Miss Jones had not died "because I would have had no reason to" and he did not, in fact, record the deeds until after Miss Jones' death. Disinterested witnesses testified that the appellant when filing the instruments in question, volunteered the information that they were not really deeds but that they were given to secure a loan.

The Supreme Court in Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972 (1949), in quoting Chief Justice Willie in Loving v. Milliken, 59 Tex. 423, stated, "In determining whether an instrument is to be construed as an absolute conveyance or a mortgage when there is no defeasance expressly agreed upon, equity looks to all the circumstances preceding and attending the execution of the instrument, and sometimes to those which have subsequently occurred. (Citations.) From these the transaction will take its hue, no matter what coloring the declarations and apparent agreement of the parties have attempted to give it.

"If there was a debt due from the grantor to the grantee, or a loan made, which the instrument secures, the transaction will be deemed a mortgage, let it be disguised as it may." The Court then quoted from lower court cases where a contrary determination had been made and concluded, "In so far as those cases say that parol evidence is inadmissible to show a deed was intended as a mortgage, they cannot be accepted as authoritative."

We believe that the thrust of appellant's argument is misdirected. The issue in the trial court was not to be resolved by construing, cancelling or enforcing the options. The issue was whether or not the *deeds* were in fact mortgages. "In determining whether a deed absolute in form is a mortgage, the court is *not limited to the written memorials of the transaction,* but may consider all the surrounding circumstances * * * such as the relative situation of the parties at the time * * * the inadequacy of the price * * * and the subsequent dealings of the parties." (Emphasis added). Williams v. Young, Tex.Civ.App., 257 S.W.2d 842, n. r. e.

The trial court determined that all the required factors for determining a deed to be a mortgage were present. We concur in that determination. When all of the circumstances surrounding the ex-

ecution and delivery of the deeds are considered it is apparent that they were intended as mortgages to secure a debt. The options were merely parts of those circumstances and parol evidence is not prohibited by virtue of their existence. Appellant's third point of error is overruled.

■ Appellant's fourth point alleges error in that appellee "neither pled tender of payment of the purported debt nor tendered the same during trial." Though a mortgagor must, under most circumstances, pay or tender payment to be entitled to recourse, the record gives minimal support to the appellant's contention in this fact situation. It is recalled that prior to trial appellee made repeated efforts to determine the amount due and to obtain other information relative to the indebtedness. As heretofore indicated these efforts were futile not because of appellee's efforts but because of appellant's failure to respond. Appellee could hardly tender payment of a sum whose total could not be determined. Appellant, having by his own action prohibited tender, cannot now be heard to complain of appellee's failure to do so. Formal tender is excused where a creditor has, as here, clearly indicated that he is unwilling to accept what is due in discharge of the debt. Gulf Pipe Line Co. v. Nearen, 135 Tex. 50, 138 S.W.2d 1065; Young v. Fitts, 138 Tex. 136, 157 S.W.2d 873; Kinzbach Tool Co. v. Corbett-Wallace Corp., 138 Tex. 565, 160 S.W.2d 509.

■ There is yet another consideration. A personal representative of an estate is prohibited from paying debts without a claimant having first filed a claim against the estate. V.A.T.S. Probate Code, Sec. 301. Appellee was therefore prohibited from making tender. This prohibition was known to the appellant and he was requested to file a claim against the estate so that it could be paid. Appellant filed no such claim and made it clear that he had no intent of doing so. It is apparent that the appellant's contention was for title and ownership of the property and not for tender of any sum whatever. Appellant consistently refused all of appellee's overtures leading to payment of the sum advanced. Appellee, nevertheless, maintained a willingness to repay the amount due at all times prior to trial, at trial and before this Court.

The court's judgment here provided that the title awarded appellee was " * * * subject however, to a lien against each respective tract hereunder adjudicated and decreed as being vested in the Defendant, HENRY E. KRIEGEL * * *." We are of the opinion that the trial court's judgment afforded the only relief available to the appellant in view of his contention and action.

We find no merit in appellant's remaining points of error and they are overruled. Judgment of the trial court is affirmed.