E. M. FOREHAND, Petitioner,

v.

Mary Poindexter LIGHT et vir, Respondents.

No. B–1885.

Supreme Court of Texas.

March 25, 1970.

Kugle & Douglas, William H. Kugle, Jr., Athens, for petitioner.

Glusing & Sharpe, Nelson R. Sharpe, Kingsville, for respondents.

POPE, Justice.

The question presented is that of ownership of two certificates of deposit which were issued by the Citizens State Bank of Malakoff, Texas and were made payable to the order of "Mrs. J. B. Poindexter or Mary Light." Mary Light, the daughter of Mrs. Poindexter, instituted this suit against E. M. Forehand, as executor of Mrs. Poindexter's estate, and joined the Citizens State Bank. She seeks a judgment that she owns the certificates and all of their proceeds as a donee third party beneficiary. This is the only issue presented to this court.

The trial court rendered judgment that Mary Light take nothing, but the court of civil appeals reversed that judgment and rendered judgment that Mary Light recover the proceeds of the certificates. 446 S.W.2d 355. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The case was tried upon admissions and answers to interrogatories. The first certificate was dated December 28, 1967, and states:

"This certifies that Mrs. J. B. Poindexter has deposited in this Bank Twelve Hundred and 00/100 Dollars payable to the order of Mrs. J. B. Poindexter or Mary Light in current funds on the return of this Certificate properly endorsed 6 months after date with interest at the rate of 5 per cent per annum until maturity."

The second certificate was dated January 9, 1968 and was due in twelve months but was otherwise identical to the first certificate. The settled facts are that Mrs. Poindexter furnished all of the funds for the certificates, that Mary Light is her daughter and that the certificates have been in the possession of the defendant executor since Mrs. Poindexter's death. There is no other writing or evidence which bears upon the nature of the relationship created.

Mary Light relies upon several decisions of this court for her contention that she was entitled to the proceeds of the certifi-

cates. This court has held, under the terms of certain contractual agreements, that a third party may be vested with a present, though defeasible, interest upon the completion of a contract for his benefit. We so held in Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470 (1945) as to United States Savings Bonds which were "payable to Julia E. Rhode and on her death to Retta B. Edds." We upheld the rights of the survivor as a third party beneficiary in Davis v. East Texas Savings & Loan Association, 163 Tex. 361, 354 S.W.2d 926 (1962) upon proof that both payees signed the contract on a signature card for a savings certificate which was payable "as joint tenants with rights of survivorship and not as tenants in common." See 346 S.W.2d 178. We again so held in Quilter v. Wendland, 403 S.W.2d 335 (Tex.Sup.1966) because a savings association issued certificates and delivered passbooks for joint payees "as joint tenants with right of survivorship and not as tenants in common." Our refusal of a writ in Brown v. Lane, 383 S.W.2d 649 (Tex.Civ.App.1964, writ ref.), showed this court's approval of that decision. There we had the case of Helen Reib opening a joint savings account in her name and the name of Margaret Lane with both persons signing the account card. The agreement authorized the bank "to pay to either of the undersigned or the survivor of them any funds now on deposit * * * as well as any addition hereafter made thereto by either of the undersigned."

We had a more difficult decision in Krueger v. Williams, 163 Tex. 545, 359 S. W.2d 48 (1962) because a "joint control card" which evidenced the agreement of the decedent with a bank concerning an investment share account provided that the certificate was payable to "W. T. Williams and/or Ila Mae Krueger or payable to the survivor of either." Williams signed the card but Ila Mae Krueger did not. We held that the phrase "payable to the survivor" contained apt words to raise a presumption of an intent to create survivorship rights even though the words fell short of the phrase "as joint tenants with the right of survivorship." The word "survivor" was vital to our decision in Krueger.

In each of the cases mentioned above there is embodied in the contractual arrangement some reference to an intent that a survivor would have rights in the fund or certificate. The contract which is now before us makes no reference to any right of a survivor. In that situation, most jurisdictions deny the claim to rights as a survivor to the funds. 10 Am.Jur.2d, Banks §§ 369, 377, 386.

Mary Light relies upon the case of In re Staver's Estate, 218 Wis. 114, 260 N. W. 655 (1935), which was cited and discussed in the Krueger and Brown cases. Krueger contained contractual language which vested some rights in the survivor and raised a presumption in favor of survivorship rights. It was in that situation that the case was cited for its statement of the measure of proof which one must make to overcome a presumption favoring survivorship. Here we have only the contract for an "or" certificate, which is lacking in any suggestion of survivorship rights. Here there is no presumption and the rule of the Staver's case concerning the burden to overcome a presumption favoring survivorship rights is not applicable.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court that the certificates of deposit are the property of the estate of Mrs. J. B. Poindexter.

McGEE, J., notes his dissent.