**James F. HAWES et ux., Appellant,**

v.

**CENTRAL TEXAS PRODUCTION CREDIT ASSOCIATION, Appellee.**

**No. 11979.**

Court of Civil Appeals of Texas, Austin.

March 14, 1973.

Rehearing Denied April 11, 1973.

James L. Cutcher, Barkley & Cutcher, Taylor, for appellant.

Phillip W. Gilbert, Johnson, Jones & Sheppard, Austin, for appellee.

O'QUINN, Justice.

Central Texas Production Credit Association, the appellee, brought this lawsuit to set aside a deed under which F. W. "Jack" Parker and wife, June Parker, sought to convey 3.53 acres of land in Williamson County to James F. Hawes and wife, Frances Jean Hawes. The Credit Association alleged that Hawes and wife, as the grantees, had knowledge that the grantors intended by transfer of the land

to delay, hinder, or defraud the Credit Association, to which the grantors at the time of the conveyance were indebted.

Based upon answers of a jury to special issues, the trial court set aside the deed and held it void in a judgment entered March 8, 1972. The defendants, and the Credit Association, filed motions for judgment based on the special issues. After judgment, the defendants filed a motion for new trial, which from the record appears to have been overruled by operation of law.

Appeal from action of the trial court has been perfected only by James F. Hawes and wife.

Appellants rely upon four points of error, under which they contend in the main that the trial court erred in setting aside the deed, in not granting their motion for judgment, and in granting the motion of the Credit Association.

The property involved in this case was acquired by Parker and wife in 1968 for a consideration of $1,500.00. In September of the previous year Parker had become indebted to Hawes by reason of a promissory note in the principal sum of about $2,600. The indebtedness had been reduced to about $1,900, including interest, by August 13, 1970, when Parker conveyed the land to Hawes, who surrendered the note to Parker.

Parker was chairman of the board of directors of the Credit Association prior to March of 1970 and had obtained loans from the Credit Association. The loans became delinquent, and the balance was reduced to judgment against Parker on March 23, 1971, in the amount of about $144,000.

Hawes, who was Parker's son-in-law, was an employee of the Credit Association for about three years, and during the latter part of his employment was secretary-treasurer of the Association. While working for the Credit Association, Hawes came to know that Parker's loan was in default in February, 1970, and learned from the president of the Association that the primary collateral for the Association's loan to Parker, consisting of several hundred head of cattle, was no longer available to the Association. Hawes remained as secretary-treasurer of the Credit Association until the end of July of 1970.

Meanwhile the Credit Association had filed its lawsuit against Parker that resulted later in judgment for the loan balance. Parker testified by deposition that he proposed to Hawes that the balance of Parker's note to Hawes be paid by conveyance of the 3.53 acres of land " . . . in order to get that note paid and not let him [Hawes] get caught up in the storm . . . ." About twelve days later, on Auugst 13, 1970, the deed was executed by Parker and wife.

The jury found that the Parkers transferred the 3.53 acres of land to Hawes and wife with intent to hinder or delay the Credit Association in obtaining the property "to which it was or would become entitled." The jury also found that the Parkers transferred the property with intent to defraud the Credit Association of the property. In response to other issues, the jury found that Hawes and wife received the property with notice of the Parkers' intent to delay or hinder the Credit Association, and also that Hawes and wife received the property with notice of the Parkers' intent to defraud the Credit Association.

Appellants Hawes and wife have abandoned their evidence points of error, found in their motion for new trial, and on appeal take the position that their motion for judgment should have been granted by the trial court on the findings of the jury that (1) the Parkers were indebted to Hawes and wife, (2) Hawes and wife received the property for value, and (3) Hawes and wife paid adequate consideration for the land.

Appellants argue that the "basic question involved here is whether or not a debtor may pay a just debt, notwithstanding the fact that he has other creditors." Despite

the jury's finding "that Hawes had notice that Parker intended to delay or hinder the Credit Association in collection of its debt . . . Appellant takes the position that knowledge of Parker's intent is immaterial."

 Since the jury found that the Parkers transferred the property with intent to delay or hinder, and with intent to defraud, the Credit Association, and that Hawes and wife received the property with notice of the Parkers' intent as to hindrance or delay and as to defrauding the Association, we hold that the transfer was void with respect to the Credit Association, under provisions of the Texas Business and Commerce Code, V.T.C.A., sec. 24.02 (Acts 1967, 60th Leg., vol. 2, p. 2343, ch. 785, sec. 1).

Section 24.02 provides in pertinent part that:

"(a) A transfer of real . . . property . . . *is void with respect to a creditor* . . . if the *transfer* . . . *was intended to*

(1) *delay or hinder any creditor* . . . from obtaining that to which he is, or may become, entitled; or

(2) *defraud any creditor* . . . of that to which he is, or may become, entitled.

(b) The title of a *purchaser for value* is *not* void under Subsection (a) . . . *unless he purchased with notice of*

(1) the *intent of his transferor to delay, hinder, or defraud;* or

(2) the fraud that voided the title of his transferor." (Emphasis added)

The trial court properly entered judgment setting aside the deed as a void transfer with respect to the Credit Association, based upon the findings of the jury that the transfer was with intent to hinder or delay, and to defraud, the Association, and that the grantees took with notice of such intent by the transferors.

Under their fourth and last point appellants contend that the trial court should

have ignored the jury's answer to Special Issue No. 7, to the effect that Hawes and wife had notice of the Parkers' intent to defraud, because this issue "was not an alternate Issue and did not present a theory of law upon which the Plaintiff could be entitled to recovery."

 The point is not briefed by appellants, there being no argument or citation of authorities to show that the issue was defective, and we could consider the point waived. (Rule 418, Texas Rules of Civil Procedure) On the merits of the point, we conclude that the contention is without merit since the judgment, even without the finding under this issue, would be supported by the jury's answer to Special Issue No. 6, to the effect that appellants had notice of the Parkers' intent to delay or hinder the Credit Association.

The judgment of the trial court is affirmed.

Affirmed.