James F. HAWES et ux., Petitioners,

v.

**CENTRAL TEXAS PRODUCTION CREDIT ASSOCIATION, Respondent.**

No. B–3988.

Supreme Court of Texas.

Dec. 12, 1973.

Rehearing Denied Jan. 9, 1974.

Barkley & Cutcher, James L. Cutcher, Taylor, for petitioners.

Johnson, Jones & Sheppard, Rodney J. Sheppard, Austin, for respondent.

GREENHILL, Chief Justice.

This case is one to set aside an alleged fraudulent conveyance. It involves the preference of one creditor, a close relative, over another creditor by a debtor who was apparently insolvent but not in bankruptcy. The courts below have set aside the preference upon jury findings. We affirm, but on different grounds than those given by

the Court of Civil Appeals. 492 S.W.2d 714.

For simplicity, the parties will here be referred to as "the association," Parker, and Hawes.[1] Parker was indebted both to the association and to Hawes, his son-in-law. Parker executed a deed to Hawes to 3½ acres of land in cancellation of the debt which Parker owed Hawes. At the time of the conveyance, Parker owed the association over $100,000; and he owed Hawes $1,900.

This suit was instituted by the association to set aside the conveyance from Parker to Hawes, alleging it to be a fraud upon its rights as a creditor of Parker. Hawes answered that he too was a creditor, and that he received the land as payment for the debt owed him.

Trial was to a jury. Its answers, with the numbers given the answers here rearranged, were:

(1) Parker intended to "hinder or delay" the association.

(2) Parker intended to "defraud" the association.

(6) Hawes had notice of Parker's intention to "hinder or delay" and (7) to "defraud."

(3) Parker was indebted to Hawes.

(4) Hawes received the property conveyed to him for value.

(5) Hawes gave "adequate consideration" therefor. "Adequate consideration" was defined as "that which is equal, or reasonably proportioned, to the value of that for which it is given."

Both parties moved for judgment on the jury's verdict. The trial court granted the association's motion and ordered the deed cancelled. The Court of Civil Appeals affirmed, and we here affirm.

It will be noted that in this case, there was no jury finding that Parker's conveyance to Hawes was received in good faith. Since the trial court entered judgment for the association and against Hawes, there is an implied or deemed finding in support of the trial court's judgment that Hawes did not receive the property in good faith, there being some evidence of this fact and implied finding.

The plaintiff association relies on our fraudulent conveyance statute, Texas Business and Commerce Code, Article 24.02, V.T.C.A., which reads, in part,

"(a) A transfer of real or personal property . . . is void with respect to a creditor, purchaser, or other interested person if the transfer . . . was intended to

(1) delay or hinder any creditor, purchaser, or other interested person from obtaining that to which he is, or may become, entitled; or

(2) defraud any creditor, purchaser, or other interested person of that to which he is, or may become, entitled.

(b) The title of a purchaser for value is not void under Subsection (a) of this section unless he purchased with notice of

(1) the intent of his transferor to delay, hinder, or defraud . . . ."[2]

However, this court has long recognized an exception to the fraudulent conveyance statute in the case of "preferences," conveyances of property by an insolvent debtor to one of his unsecured creditors in payment of a debt. Such a conveyance is valid notwithstanding the

---

1. "The association" is the plaintiff, Central Texas Production Credit Association. The defendants are (1) F. W. "Jack" Parker and wife, June, and (2) James F. Hawes and his wife, Frances Jean. There are no marital property problems involved.

2. The statute is also carried as Article 24.02, Vernon's Texas Codes Annotated, Business & Commerce, Section 24.02. References to other statutes are to Vernon's Texas Civil Statutes Annotated.

statute, if the value of the property does not exceed the amount of the debt and the grantee creditor receives the conveyance in good faith, meaning without a secret agreement to benefit the grantor in some way other than by discharge of his debt. Adams v. Williams, 112 Tex. 469, 248 S.W. 673 (1923); Ellis v. Valentine & Son, 65 Tex. 532 (1886); Edrington v. Rogers, 15 Tex. 188 (1855). If the requisites of this judicial exception are met, the conveyance is valid even though the grantor actually intended to prefer one of his creditors over other creditors and the grantee had notice of his intent. Article 3996, the statute construed in prior preference cases, was repealed in 1967 when Article 24.02 of the Business and Commerce Code was adopted. However, Article 24.02 is essentially similar to the earlier statute, Article 3996; and both statutes closely resemble the English fraudulent conveyance statute of 13 Elizabeth and similar statutes in other states. Our interpretation that the statute does not invalidate a good faith preference is in accord with the majority view in other jurisdictions. See 37 Am.Jur.2d, Fraudulent Conveyances, § 87 at 771 et seq. Article 24.02, as it revised its predecessor in 1967, says nothing about preferences; and we see nothing in the 1967 revisions to indicate a legislative intent to abrogate the long-standing rule which this court has followed.

In this case, the jury found that the grantor, Parker, intended to hinder and delay the plaintiff association in the collection of its debt and to defraud such association. The jury also found that Hawes had notice of Parker's intent. The findings track the language of Article 24.02; and, if they stood alone, they would, presumably, have entitled the plaintiff association to a judgment cancelling the deed. However, if the conveyance was a good faith preferenced, then, under this court's decisions, these findings are not decisive. The jury also found that defendant Hawes was a creditor of Parker and that Hawes gave an "adequate consideration" for the conveyance. Since neither party objected to the charge, the legal question presented is whether these findings bring the case within the good faith preference rule.

We hold that the jury findings are not sufficient to entitle defendant Hawes to judgment on the verdict because there is no finding that Hawes received the property in good faith. The verdict does not preclude the possibility that the conveyance was a colorable transaction intended by both Parker and Hawes to put title nominally in Hawes in order to defeat the claims of Parker's creditors. If this were the case, the fact that Hawes was a creditor of Parker would not protect him. Every judicial declaration we have found of the rule validating preferences includes a specific statement that the preferred creditor must act in good faith. Adams v. Williams, 112 Tex. 469, 248 S.W. 673 (1923); Ellis v. Valentine & Son, 65 Tex. 532 (1886). See also 37 Am.Jur.2d, Fraudulent Conveyances, § 87 at 771 et seq.

Since neither party requested a jury finding on this issue of Hawes' good faith or objected to its omission from the charge, the trial court, which rendered judgment for the plaintiff association, will be deemed to have found that Hawes did not act in good faith if there is evidence to support such a finding. Rule 279, Texas Rules of Civil Procedure.

We hold that there is. Parker testified that Hawes did not take possession of the property or fence it from an adjoining tract which Parker retained. There is some indication that Parker, rather than Hawes, paid taxes on the property which became due after the conveyance. Furthermore, the only person in possession of the property between the date of the conveyance and the commencement of this litigation apparently had authority only from Parker. In view of the close scrutiny with which the courts view intra-family transactions and the fact that all of the evidence of bona fides comes from party witnesses,

we think the record supports a deemed finding that the entire transaction was designed by both Parker and Hawes to put title nominally in Hawes in order to prevent the association from reaching the property; i. e., to defraud the association.

The judgments of the courts below are affirmed.