Ollie **WRIGHT**, Appellant,

v.

**D. B. KISER** and Wayne **K. Smith, Execu-**
**tors of the Estate of George H.**
**Jones, Deceased, Appellees.**

**No. 8143.**

Court of Civil Appeals of Texas,
Amarillo.

April 26, 1971.

Rehearing Denied May 24, 1971.

Claude S. Cravens, Slaton, Hurley, Sow-
der & Rogers, Madison Sowder, Lubbock,
for appellant.

McWhorter, Cobb & Johnson, Dale H.
Johnson, Lubbock, for appellees.

REYNOLDS, Justice.

This appeal is from a summary judg-
ment decreeing the ownership of the pro-
ceeds of a certificate of deposit to be in
the estate of George H. Jones, deceased.

On January 5, 1968, the American State
Bank in Lubbock, in consideration of
$15,000.00 paid by George H. Jones from
his own funds, issued its non-transferable
Certificate of Deposit No. 1137 payable on
January 5, 1969, to the order of George H.
Jones or Ollie Wright. George H. Jones
died on September 30, 1968, and D. B. Ki-
ser and Wayne K. Smith, named executors
in his will, qualified as executors of his es-
tate. The certificate was in Jones' safety
deposit box and the executors took posses-
sion and claimed it as an asset of the es-

tate. Ollie Wright demanded the certificate and upon being refused delivery, brought suit against the executors, alleging she was the owner and entitled to possession of the certificate, and that subsequent to its purchase, Jones delivered the certificate to her and stated that she could cash it at maturity without his signature, and that she then requested Jones keep it for her. The executors denied Ollie Wright's claim, alleging her name was placed on the certificate only so that George H. Jones could secure the maximum Federal Deposit Insurance Corporation insurance coverage, he having purchased another $15,000.00 certificate of deposit from the same bank on the same date made payable to him only. Thus, the pleadings joined the issue of the decedent's intent of ownership; i. e., whether he intended the certificate to be for his convenience in securing insurance protection or for the benefit of the non-depositing named payee. The executors cashed the certificate, and Ollie Wright amended her pleadings to seek the proceeds of the certificate. Both executors died while the suit was pending and Irby G. Smith, the real appellee at interest in the matter before us, qualified as administrator of George H. Jones' estate and was substituted as defendant, but the parties will be referred to by their trial court designations.

Both plaintiff and defendants filed motions for summary judgment each supported by an affidavit, and both were denied by the trial court. A jury trial was held and the jury was unable to reach a verdict. Thereafter, both parties again filed motions for summary judgment based on the pleadings, the admissions on file and the affidavits attached to the original motions for summary judgment. The trial court overruled plaintiff's motion and granted defendants' motion.

Plaintiff has assigned three points of error. The first two points allege error in granting defendant's motion for summary judgment. The third point alleges error in not granting plaintiff's motion for summary judgment. The third point of error will be considered first.

■ Since neither the certificate nor any other writing in the record bears upon the nature of the relationship created by the issuance of the "or" certificate, there is no presumption that any survivorship rights were created in Ollie Wright. Forehand v. Light, 452 S.W.2d 709 (Tex. Sup.1970). There is no competent evidence in the record to establish the alleged fact that the certificate was delivered to Ollie Wright as a gift or as a third party beneficiary. It follows that plaintiff's third point of error must be, and hereby is, overruled.

The critical question then becomes whether defendants' summary judgment proof met and overcame plaintiff's allegations as to the ownership of the certificate by gift or by virtue of a third party beneficiary contract. When defendants filed their motion for summary judgment they were required to meet the plaintiff's case as pleaded, and to be entitled to summary judgment, they were required to present summary judgment proof establishing as a matter of law that there is no genuine issue as to any material fact. Rule 166–A, Texas Rules of Civil Procedure; Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970).

■ In support of the summary judgment, defendants primarily rely upon the affidavit of Ernestine Mullins, a vice president of the American State Bank. Summarized, the affidavit states that Jones had been a customer of affiant's since January, 1962, until his death and that she normally handled his bank transactions; that he was concerned with securing maximum FDIC insurance coverage for his deposits and, upon his inquiry, she advised him in this regard; that upon her advice, Jones had deposited his own funds in one savings account in his name and in two other joint savings accounts made payable to George

H. Jones or a named third party, all in the maximum amounts covered by FDIC insurance, executing the signature cards in his name only; that prior to the date of the certificate of deposit in issue, affiant had advised Jones he could receive increased interest by purchasing certificates of deposit rather than depositing his funds in regular bank savings accounts; that thereafter Jones purchased Certificate of Deposit No. 1137 and the other one on January 5, 1968, with his own funds and received the interest paid thereon; and that

"It is the opinion of Affiant based on the many years of business relationship with George H. Jones and conversations held between George H. Jones and Affiant that the name of Ollie Wright was entered on Certificate of Deposit No. 1137 as payee thereon with George H. Jones for the sole purpose of George H. Jones receiving Federal Deposit Insurance Corporation insurance coverage in the amount of $15,000.00 on said deposit No. 1137 as he would otherwise not have been qualified to receive said insurance coverage since he had a second certificate of deposit issued by American State Bank in the same amount of $15,000.00, payable solely to him."

It is evident, as stated in the affidavit, that Ernestine Mullins' statement that the name of Ollie Wright was entered on Certificate of Deposit No. 1137 for the sole purpose of Jones securing FDIC insurance coverage is nothing more than an opinion. Opinion testimony of this character adduced in support of a motion for summary judgment does not establish the fact as a matter of law. Gibbs v. General Motors Corporation, supra; Broussard v. Moon, 431 S.W.2d 534 (Tex.Sup.1968).

Inasmuch as the summary judgment proof does not establish as a matter of law defendants' right to judgment, plaintiff's points one and two are sustained, and the summary judgment is reversed.

Reversed and remanded.